LEVINS, and others, v. STEVENS, and others.

Petition under the act concerning "Wills," (R. C. 1835, p. 620-1.) Petitioners set forth that they are children of A., who died leaving a will, in which no mention is made of them, and that the legacies under the will have been in whole or in part paid. They pray for a distribution "according to the usages of courts of equity, and the provisions of the statute." Demurrer to the petition sustained by the circuit court. Held, that the petition was sufficient: that the authority of the circuit court to order distribution in such cases, attaches before any distribution of the estate, and, consequently, that it was not necessary to allege in the petition that the legacies had been paid, and the estate distributed.

Appeal from the Circuit Court of Cooper county.

*Adams & Hayden for Appellants.*

The only question in this case is, whether the court erred in sustaining the demurrer?

To show that the court erred, the counsel for the appellants refer to the following authorities: 1 Kent. Com., 461, 2, 3, 4; Digest of Laws of Mo., 1835, page 620-1; Digest of Laws of Mo. 1825, page 795-6; Geyer's Digest, page 431.

*Leonard & Miller for Appellees.*

1st. The authority of the circuit court to proceed by petition, given by the statute "Wills," Rev. Stat. 621, section 33, is confined to the cases where the devisees, legatees. or heirs, have actually received more than their due proportion of the estate, and the facts stated in the present petition do not exhibit such a case.

2d. The circuit court, proceeding as a court of equity has no original jurisdiction to decree distribution of an intestate's estate.

3d. But if such jurisdiction exist, the proceeding must be by bill, and cannot be by petition. 8 Cowen Rep. 350; 10 Johnson's R. 507.

4th. If there be children not named in the will, as to them the testator is deemed to have died intestate, and such chil-

dren shall be entitled to such proportion of the estate as if he had died intestate. The statute provides for the distribution of intestate's estates, but only when it shall appear from a settlement in the county court that there is a balance subject to distribution after payment of debts. See Digest of 1835, title "Wills," sec. 30; and same book, title "Administration," p. 60 and 156; do. title "Courts," sec. 15.

*Opinion of the Court by Napton, Judge.*

This was a petition to the circuit court, framed under the 33d section of the act concerning Wills (Rev. C. of 1835, p. 621.) The petition sets forth that Joseph Stevens, of Cooper county, died, after having made his will, in which no mention is made of the petitioners and others, who are the children and heirs of said Stevens. The petition alleges that the legacies under the will have been in whole or in part paid. The executor, legatees, and heirs are made parties, and a contribution and distribution of the estate, according to the usages of courts of equity and the provisions of the statute, are prayed for. To this petition the defendants demurred, and the demurrer was sustained by the circuit court. The only question arising on the record is, whether the demurrer was properly sustained.

The 30th section of the act concerning Wills, (Rev. C. of 1835, p. 621,) provides that pretermitted children shall be entitled to the same proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them; and all the other legatees, devisees, and heirs shall refund their proportional part, provided such children or their descendants, so claiming, have not had an equal proportion of the testator's estate bestowed on them, in the testator's life time, by way of advancement. The 32d section provides that where a specific legacy shall be taken in execution for the payment of the testator's debts, the other legatees, devisees, and heirs shall refund their proportional part of such loss to such person from whom the bequest shall be taken. The 33d section then declares that

"When any devisees, heirs, or legatees shall be required to refund any part of the estate received by them for the purpose of making up the share, devise, or legacy of any other legatee, devisee, or heir, the circuit court shall, upon petition of the party entitled to such contribution, and due notice given to the legatees, devisees, heirs, executors, and administrators, order a contribution and distribution of such estate, according to equity, and enforce such order with like effect as decrees of courts of equity."

Under this last section has the circuit court jurisdiction of the petition, where on its face it appears that the legacies have not been wholly paid, and consequently there may be no necessity for refunding ?

The word "*received*," in this section, is relied upon to show that the legislature did not contemplate the interference of the circuit court with the question of contribution, until the executor had paid over the legacies and settled the estate, that, until this was the case, the county court had ample powers under the general provisions of law, to make distribution with an eye to this provision in our statute in favor of the pretermitted heirs.    The rules applicable to the construction of statutes are well settled and not controverted here.    Remedial acts are to be construed literally ; every part of a statute is to be taken together, and the real intention, when it can be so ascertained from a vein of the whole act, the mischief sought to be avoided and the remedy provided, must prevail over the literal sense of terms.    *For this* purpose not only the several parts of the same act, but previous acts, *in pasi materia,* which have expired, may be resorted to, with a view to ascertain from successive and connected legislation on the subject, the real intention of the legislature.    1 Kent. Com. 462–3.

With these principles for a guide, let us examine the action of the legislature in reference to this subject.

Petition under the act concerning "Wills," (R. C. 1835, page 620–1.) Petitioners set forth that

The act of the 21st January, 1815, (Geyer's Digest 431,) after declaring that so far as pretermitted children were concerned, a testator should be considered to have died intestate, provides that "the divisees and legatees shall contribute proportionally out of the part devised or bequeathed to them

by the said will and testament, and the circuit court shall have power to order and decree a distribution of such estate according to the true meaning of this act.

It will be observed, that at the time of the passage of this act, the circuit court was the tribunal for transacting probate business, and it was unnecessary to point out any specific mode by which the rights secured under that act were to be enforced. There could be no conflicting claim to jurisdiction, and the circuit court, being also the probate court, would enforce the remedy as it could any other matter relating to last wills and testaments.

At the revisal of the laws in 1825, when county courts were invested with this probate jurisdiction, and the legislature were about re-enacting the same provision to secure the rights of pretermitted heirs, it became necessary for them to determine whether these rights should be left to the county court, which they had made the appropriate and peculiar tribunal to settle controversies of this kind, or should still be retained in the circuit court. The act of the 19th February, 1835, was passed, which is substantially the same as the present law. By that act the circuit court, upon petition, has power to order and decree a contribution and distribution of the estate, when any legatees or devisees shall be required to refund any part of the estate received by them. Now it seems reasonable to me, that if the legislature intended to divest the jurisdiction of the circuit court, or to place it on different grounds from where it stood in 1815, they would surely have resorted to some more plain and obvious mode than the substitution of the word "*received*," for the words "*devised* or *bequeathed*."

The framers of that act, we may presume, were aware that the county court, among its general powers and duties, had the right to compel a distribution of a decedent's estate according to law. They must have been equally well aware, that after a distribution had been made and the property had passed from the hands of the executor or administrator into those of the distributees, heirs, and devisees, the circuit court, as a court of chancery, could enforce the rights of omitted heirs.

AUGUST TERM, 1841.

Levins
v.
Stevens.

they are children of A., whodied leaving a will, in which no mention is made of them, and that the legaciesunder the will have been in whole or in part paid. They pray for a distribution "according to the usages of courts of equity and the provisions of the statute." Demurrer to the petition sustained by the circuit court. Held, that the petition was sufficient. That the authority of the circuit court to order distribution in such cases, attaches before any distribution of the estate, & consequently that it was not necessary to allege in the petition that the legacies had been paid, and the estate distributed.

If therefore the remedy they devised be, as is contended here, only to be exercised by the circuit court after a complete distribution of the estate, it would be entirely superogatory. It would be allowing the parties to effect by a petition, what the already had the power to attain by a *bill*.

It must be borne in mind, in searching for the intent of the legislature in the passage of the several acts on this subject, that this restriction upon the power of testators, was unknown to the common law, and I believe, almost entirely peculiar to our own statutes. It was proper that a specific remedy should be pointed out, and a tribunal selected to enforce that remedy with an eye to the importance and novelty of the provision. It would not have been prudent to leave this matter amidst the mass of general powers and duties assigned to the county and chancery courts. The same act therefore which gave the right, pointed out the remedy—a remedy designed at least to be peculiar and appropriate, if not to the exclusion of all other remedies previously existing.

The demurrer, in my opinion, was improperly sustained. Judgment reversed, and cause remanded.