Burch et al. v. Brown et al.

MARY J. BURCH *et al.*, Appellants, *v.* J. N. BROWN *et al.*,
Respondents.

1. *Wills* — *Devise to stranger in blood, with no mention of children, a nullity.*
— A will bequeathing the whole of testator's estate to an entire stranger in
blood, without naming or in any wise mentioning or providing for the heirs,
under the statute of wills (Wagn. Stat. 1865, § 9), is entirely void. The
estate would descend to the heirs under the statute of descents and distribu-
tions, and the devisee would take nothing. The words used in the closing
paragraph of section 9, *supra*, requiring "all the other heirs, devisees, and
legatees to refund their proportional parts," did not give him an equal part
with the other heirs. The devisees there referred to are heirs who would take
a distributive share in the event that he died intestate. They have no appli-
cation to a case of a stranger, where the whole will is a nullity.

*Appeal from Fourth District Court.*

*Lipscomb & Anderson*, for appellants.

As to her children and grandchildren, Mrs. Donnelly died intes-
tate, and, as against them, the stranger in blood, Hall, took
nothing. The will should be declared void as against plaintiffs.
(Bradley v. Bradley, 24 Mo. 311 ; Hill v. Martin, 28 Mo. 79 ;
Chouquette v. Barada, 28 Mo. 491.)

*Brown, Williams & Henry*, and *Williams*, for respondents.

While as to plaintiffs in error the deceased died intestate, yet
the will is valid, except so far as to let said heirs at law have of
the inheritance an equal part with the devisee. The will is not
wholly avoided by the omissions. (R. C. 1855, ch. 131, p. 538,
§§ 2, 9.)

WAGNER, Judge, delivered the opinion of the court.

The only question in the record depends upon the construction
to be given to the ninth section of the statute of wills, and that
seems to have been definitely settled in the case of Bradley v.
Bradley, 24 Mo. 311. The case shows that in 1862 Malinda
Donnelly died in Macon county, possessed of considerable real
and personal property, and some time subsequent to her decease
a paper was found purporting to be her last will and testament,

whereby she devised and bequeathed her whole estate to one Thomas Hall, an entire stranger to her in blood. Hall afterward died unmarried and without children, and whatever estate he took under the will descended to nephews and nieces, his heirs at law, who are the defendants in this suit.

The will was admitted to probate in the Probate Court of Macon county. The plaintiffs, who are the grandchildren of Malinda Donnelly, and her only heirs at law, are not named or in any wise mentioned or provided for in the will, and they brought suit in the Circuit Court to set aside the will, claiming the entire estate. The court sustained a demurrer to the petition, holding that Hall took, as devisee under the will, and was entitled to one-third part of the estate. This view was also taken by the District Court.

The ninth section of the present statute in regard to wills provides that if any person make his last will, and die, leaving a child or children, or descendant of such child or children (in case of their death), not named or provided for in such will, although born after the making of such will or the death of the testator, every such testator, so far as shall regard any such child or children, or their descendants, not provided for, shall be deemed to die intestate; and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them; and all the other heirs, devisees, and legatees shall refund their proportional parts. (2 Wagn. Stat. 1365, § 9.)

The law declares in the most express and explicit terms that if the child, children, or their descendants, be not named or provided for by the testator, such child or children, or their descendants, shall be entitled to such proportion of the estate, real and personal, as if the testator had died intestate. Now, had the testatrix, Malinda Donnelly, died intestate, it is obvious that, under our law of descent and distributions, the plaintiffs would have been entitled to the whole estate.

This very section of the statute, which was numbered 11 in the code of 1845, received a thorough consideration and definite construction in Bradley v. Bradley, *supra*. There the testator,

Bradley, died, leaving real and personal estate, all of which he devised and bequeathed to his wife. No mention was made in the will, of the children or heirs, nor were they provided for in any manner. The heirs and children of the testator, Bradley, brought suit against the widow, claiming that the will was a nullity, and asking to have dower assigned to her. Upon the trial in the Circuit Court, at the request of the plaintiffs, the court gave the following declaration of law: "That the will read in evidence makes no provision for the children and heirs of Thomas P. Bradley; nor is either of them named in said will; and, by the laws of this State, said Thomas P. Bradley died intestate as to said children; and said children and heirs are entitled to partition of his property, as if he had died without making a will." Judgment was then given for the plaintiff, and the will was held to be entirely void, and that the widow was only entitled to dower, which the statute gave her without reference to any will. The judgment was affirmed in this court, the judge who delivered the opinion declaring that, as to the children of the testator, the will was a mere blank. That case is exactly in point and wholly parallel with the one we are now considering, except that there the widow was the recipient of the testator's bounty, and here it is an utter stranger.

It seems to have been supposed that the concluding paragraph of the section, which says that "all the other heirs, devisees, and legatees shall refund their proportional parts," gave to the devisee, Hall, an equal part with the other children. But this is a misapprehension of the true meaning of those words. Taken in connection with the whole context, it is easy to perceive that they have reference to where the testator makes devises and legacies to heirs who would take a distributive share in the event that he died intestate; but they have no application to the case of a stranger, where the whole will is a nullity, or, as Judge Ryland says, a blank. Destroy the whole will as to those who are not named or provided for, and they are entitled to come in on equal terms with those who have been preferred and advanced by the testator's bounty. The devisees and legatees in such a case are not disinherited, but, instead of taking under the will, they are

only entitled to the share given them by the statute, and all over and above that they must refund to those who have not been provided for, so as to place them all on an equality. But a stranger must claim under and derive title from the will, else he gets nothing ; and where the will is a nullity, or becomes inoperative, the devise or bequest to him fails.

Judgment reversed and cause remanded. The other judges concur.