MARGARETTA A. SCHNEIDER, *et al.*, Plaintiffs in Error, *vs.* M. KOESTER, Defendant in Error.

1. *Wills—Son not mentioned—Subsequent death—Son's widow—Vested estate—Statute, construction of.*—A. died, leaving a will wherein he neither mentioned nor provided for his son B. B. subsequently died, leaving a widow. *Held,* that A. died intestate as to B. (Wagn. Stat., 1365, § 9), and that the right and title of B. in the estate of A. became a vested interest on the death of A., and, upon B.'s death passed to his representatives.

2. *Wills—Intestacy as to a child—Share, how obtained—Practice, civil.*—When a testator fails to mention or provide for one of his children in his will, the will is not invalid, and a suit to have the will set aside is not the proper remedy, but the testator dies intestate as to such child, and, if necessary, he can resort to § 47 of the chapter concerning Wills. (Wagn. Stat., 1370.)

*Error to Cole Circuit Court.*

*G. W. Miller,* for Plaintiffs in Error.

*Ewing & Smith,* for Defendant in Error.

I. The plaintiffs cannot maintain this action. They are not a "child or children" within the meaning of the law. (Wagn. Stat., 1365, § 9.)

NAPTON, Judge, delivered the opinion of the court.

This was a proceeding in the Circuit Court to set aside the will of B. J. Koester, on the ground that the plaintiff's husband, who was a son of said testator, was not named or provided for in said will. The facts alleged, and not denied, are, that Koester left a son surviving him, who married the plaintiff; but the son died, and the plaintiff afterwards married the co-plaintiff, Schneider. The defendant denied the right of plaintiffs to sue under the 9th section of the act concerning Wills, which provides, that "if any person make his last will and die, leaving a child or children, or descendants of such child or children (in case of their death), not named or provided for in such will, although born after the making of such will, or the death of the testator, every such testator, so far as shall regard any such child or children or their descendants not provided for, shall be deemed to die intestate; and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and per

sonal, as if he had died intestate, and the same shall be assigned to them ; and all the other heirs, devisees and legatees shall refund their proportional part."

Section 10 provides, that if said child or children shall have received from the testator in his life-time, by way of advancement, an equal proportion of the testator's estate, they shall take nothing in virtue of the preceding section.

The defendant claimed, and so the court held, that as she was not a child, or a descendant of a child of the testator, she acquired no right under this 9th section. The defendant also set up, that the son had been advanced his full share of the testator's estate by the father in his life-time. There was no replication and no evidence, and the court gave judgment for defendant.

The construction placed upon the statute by the court is manifestly erroneous. Upon the death of the testator, the right and title of the son became a vested interest in the son, which upon his death passed to his representatives.

This proceeding, however, is obviously based upon a misconception. The facts stated constitute no ground whatever for setting aside the will under the 27th section of the statute The will is not rendered invalid by reason of an omission of the testator to mention one or more of his children ; such omission only produces an intestacy as to the interest of the omitted child, and such pretermitted child, or the descendants of such child, may proceed in the mode to recover their interests in the realty and personalty specified in the 47th section of the act.

In this case, the son's death required the appointment of an administrator to represent the interests of the plaintiff, and of creditors, if any there were. (Levin vs. Stephens, 7 Mo., 90.)

However, if the son had received his share before the death of his father, he had no interest, which could pass to his heirs, who, in this case, would be the mother, and his wife by virtue of her statutory right to one-half of her husband's estate when he dies intestate and without children.

As the proceeding in this case to set aside the will was not the proper one to establish the rights claimed, the judgment of the Circuit Court must be affirmed.

The other Judges concur; Judges Wagner and Sherwood absent.