[No. 159. Decided February 2, 1891.]

THE STATE OF WASHINGTON v. CITY OF SPOKANE FALLS.

LIQUOR LICENSE FEES — APPORTIONMENT — SPECIAL LAWS REPEALED BY GENERAL — CONSTITUTIONAL LAW.

The provisions of the city charter of Spokane Falls permitting the city to license and tax bar-rooms, drinking shops and saloons, and keep all moneys that shall come to the city by taxation or otherwise, are repealed by the later general law approved February 2, 1888 (Laws 1887-88, p. 124), providing that ten per cent. of liquor license fees received by each incorporated city, town or village in Washington Territory shall be paid into the territorial treasury.

The act approved February 2, 1888, entitled "An act to regulate, restrain or prohibit the sale of intoxicating liquors," does not contravene the provision of the organic act of the territory (Rev. St. U. S., § 1924), requiring an act to embrace but one subject, which shall be expressed in the title.

*Appeal from Superior Court, Spokane County.*

The facts are fully stated in the opinion.

*W. C. Jones,* Attorney-General, for The State.

It is well settled that municipal charters and other special laws may be repealed or amended by a general law, provided the intention of the legislature to do so is apparent. Dill. Mun. Corp., § 85; Cooley, Const. Lim., pp. 228–231; End. Interp. St., §§ 230, 201. As to the effect of a general law inconsistent with the provisions of municipal charters, see *State v. Hitchcock,* 1 Kan. 178; *McGregor v. Baylies,* 19 Iowa, 43; *Von Phul v. Hammer,* 29 Iowa, 222; *Andrews v. People,* 75 Ill. 605; *Culver v. Bank,* 64 Ill. 528; *Board, etc. v. Chicago,* 14 Ill. 334. To the effect that an act which is a general revision of the entire subject to which it relates will, by implication, repeal all prior statutes on that subject, see End. Interp. St., § 201; *State v. Conkling,* 19 Cal. 501; *Norris v. Crocker,* 13 How. 429; *United States v. Tynen,* 11 Wall. 88; *King v. Cornell,* 106 U. S. 395; *Lyddy v. Long Island City,* 104 N. Y. 218; Bish. Written Laws, §§ 158–163.

*P. F. Quinn,* City Attorney, for appellee.

A general law will not repeal or amend a special law, unless it is the manifest and clear intention of the legislature so to do, which must be gathered from the language used in the act, and, with this principle in view, the Session Laws of 1887–8, p. 124, ought not to be so construed, when only taking its language into consideration. *McKenna v. Edmundstone,* 91 N. Y. 231; *People v. Jaehne,* 103

N. Y. 204; *Whipple v. Christian,* 80 N. Y. 523; *Gloversville v. Howell,* 70 N. Y. 287; *Van Denburgh v. Greenbush,* 66 N. Y. 1; *Wood v. Election Commissioners,* 58 Cal. 561; *Ottawa v. La Salle Co.,* 12 Ill. 339; *Board of Supervisors v. Campbell,* 42 Ill. 490; *Hume v. Gossett,* 43 Ill. 297; *Covington v. East St. Louis,* 78 Ill. 549; *Litchfield Coal Co. v. Taylor,* 81 Ill. 590; *State v. Branin,* 23 N. J. Law, 484; *State v. Morristown,* 34 N. J. Law, 445; *State v. Trenton,* 36 N. J. Law, 499; *Walworth County v. Whitewater,* 17 Wis. 193; *Dewey v. Central Car & Mfg. Co.,* 42 Mich. 402; *Fosdick v. Perrysburg,* 14 Ohio St. 472; *State v. Wright,* 14 Or. 365; End. Interp. St., §§ 227, 228, and cases cited.

The act of February 2, 1888, is void on account of being in conflict with § 1924 of the organic act. The evident object and purpose of the law in question was to raise revenue for the State of Washington, and the title is as follows: "To regulate, restrain and prohibit the sale of intoxicating liquors." Certainly there is nothing in that title which would call the attention of the legislature or the people to the idea that the bill was intended to amend or repeal each and every charter of the State of Washington, and in support of our position we call attention to the following cases: *Wood v. Election Commissioners,* 58 Cal. 561; *Stewart v. Father Matthew Society,* 41 Mich. 71; *King v. Banks,* 61 Ga. 20; *Ex parte Conner,* 51 Ga. 571; *Parish of Bossier v. State,* 13 La. Ann. 433; *Smails v. White,* 4 Neb. 353; *Outlip v. Sheriff of Calhoun,* 3 W. Va. 588; *State v. Everage,* 33 La. Ann. 120; *State v. Wright,* 14 Or. 365; *Huber v. People,* 49 N. Y. 132; *Ex parte Thomason,* 16 Neb. 238 (20 N. W. Rep. 312, and cases cited); *Grover v. Trustees Ocean Grove Camp Meeting Ass'n,* 45 N. J. Law, 399, and cases cited; Cooley, Const. Lim. (5th ed.), pp. 81–83, 141–143, 150.

The opinion of the court was delivered by

ANDERS, C. J.— This was an action by appellant to recover from appellee ten per cent. of the amount collected by it for licenses for the sale of intoxicating liquors from the 2d day of April, 1888, to the month of December, 1890. The complaint alleges that during said time defendant collected and received into its treasury the sum of $102,000 for such licenses, all of which it converted to its own use, and refuses to pay any part thereof to the plaintiff. To this complaint the defendant interposed a general demurrer, which was sustained by the court. Judgment was accordingly entered for the defendant, from which plaintiff appealed to this court.

By an act of the legislature of the late territory, approved January 29, 1886, entitled "An act to amend an act entitled 'An act to amend an act to incorporate the city of Spokane Falls, approved November 28, 1883,'" it is provided that the city shall have power to license, tax, regulate and restrain bar-rooms, drinking shops or saloons, and that the city treasurer must receive and keep all moneys that shall come to the city by taxation or otherwise, and pay out the same upon the warrant of the mayor attested by the clerk. The most material question for our consideration in this controversy is whether the provisions of the act above mentioned are repealed by a later general law, approved February 2, 1888, entitled "An act to regulate, restrain, license or prohibit the sale of intoxicating liquors." It is provided by section 2 of the latter statute that "the mayor and council, or other governing body, of each incorporated town or incorporated village in Washington Territory, shall have the sole and exclusive authority and power to regulate, restrain, license or prohibit the sale or disposal of spirituous, fermented, malt or other intoxicating liquors within the corporate limits of their re-

spective cities, towns or villages: *Provided,* . . . said license fee shall be paid annually in advance to the treasurer of the city, town or village, who shall pay ten (10) per cent. thereof into the general fund of the territorial treasury, and hand the remaining ninety per cent. into the general fund of the city, town or village treasury." It is contended by counsel for appellee that the general law will not repeal or amend the special act unless it is the manifest and clear intention of the legislature so to do, which must be gathered from the language used in the act itself, and that such an intention is not thus made to appear. This is conceded to be a correct general proposition of law by counsel for appellant, but he claims that, in this instance, the legislature has clearly manifested its intention to so repeal or modify the special charter of the appellee in so far as the general statute is inconsistent therewith, for the reason that the act of February 2, 1888, is a general revision of all prior laws relating to the same subject, and obviously designed to supersede them. An examination of the charters of the various municipal organizations throughout the territory discloses the fact that while they were generally clothed with the power to license and regulate the disposal of spirituous and intoxicating liquors within their respective limits, there was no uniformity of rule as to the disposition of the funds collected from licenses. Some of the charters required a portion of the moneys collected for licenses to sell intoxicating liquors to be paid into the county treasury, while others permitted the municipal corporations to retain the entire amount. From these considerations we are led to believe that the legislature in passing the act of February 2, 1888, intended to enact a general law which should supersede, and which did supersede, all prior laws on the same subject, either general or special.

Appellee further contends that the statute of 1888 is obnoxious to the objection that the object is not expressed

in its title, and that it is therefore void as contravening § 1924 of the organic act of the territory; but we think the objection is manifestly not tenable.

Before closing this opinion it is proper to remark that at the time of the passage of the act of 1888 there was no city, town or village incorporated in the Territory of Washington, otherwise than by special act. And it is, therefore, obvious that § 2 of said act must have been intended to apply to and modify the special charters of municipal corporations then existing. For the foregoing reasons, the judgment of the court below is reversed and the cause remanded, with instructions to overrule the demurrer.

STILES, HOYT, SCOTT, and DUNBAR, JJ., concur.