[No. 1002. February 26, 1903.]

In the Matter of the Estate of JOHN McMILLEN, Deceased; Protest of JOHN JOSEPH McMILLEN, a Minor, Appellant, Against Probate of Alleged Will.

### SYLLABUS.

1. Sections 1947 and 2031, Comp. Laws of 1897, give any person twenty-one years old and of sound mind, the right to dispose by will of his separate property.

2. In this Territory a child can be disinherited, without being mentioned in a will, unless it appears that the omission of his name occurred through inadvertance or mistake.

3. Where by a decree of divorce the defendant was ordered to pay $12.50 monthly for the support of his child it cannot be contended that the omission to mention such child in his will was due to inadvertence or mistake, unless it is shown by the record that such is the case.

Appeal from the district court of Grant county, before FRANK W. PARKER, Associate Justice. Affirmed.

PERCY WILSON for appellant.

Maggie McMillen has no interest in the estate of John McMillen, and John Joseph McMillen is his sole heir.

Barnett v. Barnett, 9 N. M. 205, 50 Pac. 337.

The civil law of Spain and Mexico concerning descents and distributions, wills and testaments was in force in New Mexico when this Territory became a part of the United States, and remains in force to this day unless changed by statute.

Barnett v. Barnett, supra.

Under the civil law a descendant had a vested interest in the estate of his father of which he may be deprived only for certain specific causes. To do this, the testator must clearly designate in his will the person whom he intends to deprive, and the reason for so doing and the validity of these reasons must be established judicially.

Schmidt's Civil Law of Spain and Mexico, articles 1096 to 1102.

If a child is under ten and a half years of age he cannot be disinherited at all.

Schmidt's Civil Law, supra, art. 1097; Escriche, supra, Title, Desheredacion, page 550.

Property rights as determined by the civil law are not affected by the statute making the common law the rule of practice and decision.

Barnett v. Barnett, supra.

But the common law rule is that the heir favored cannot be disinherited by dubious or ambiguous words, there being required the utmost certainty of the testator's intention to take away the right of an heir.

1 Blackstone, Com., 450; Fitch v. Weber, 6 Hare 145; Mangham v. Mason, 1 V. and B. 410.

The son by the statute in force at the time of the death of John McMillen, takes under the circumstances of this case the entire estate of his father.

Compiled Laws 1897, sec. 2031.

The statutes of New Mexico in force at the time of the death of John McMillen indicate the policy of the law to be against the disinheritance of descendants, particularly minor children.

Compiled Laws 1897, secs. 1477, 1955, 2055a.

JAMES S. FIELDER AND R. M. TURNER for appellee.

The civil law of Spain and Mexico, concerning descents, ditributions, wills and testaments must yield to Territorial statutes.

> Barnett v. Barnett, 9 N. M. 205; Best v. Thompson, 5 N. M. 408.

In the United States the common law rule is that one may dispose of all his property, real and personal, by will.

> 29 Am. and Eng. Encl. of Law. 126 and 127, 4 Kent's Com. 501-5 and 525; 2 Blackstone's Com. (3 Ed.), 373 and 374; Addington v. Wilson, 61 Am. Dec. 81.

And such rule has been expressly adopted by statute in this Territory.

> Secs. 2871, 1947, 2030 and 2031, Comp. Laws 1897.

Another common law rule is that a child can be disinherited either by plain words of devise or by necessary implication.

> Jannan on Wills, 466; Wigram on Wills, 77; 29 Am. and Eng. Ency. of Law., 352 and note 3; Boisseau v. Addridges, 27 Am. Dec. 590; Wright v. Hicks, 56 Am. Dec. 451 and note; Doe v. Clendenning, 56 Am. Dec. 518 and 521; Conlam v. Doull, 10 Sup. Ct. R. 233, 133 U. S. 216; Loring v. March, 73 U. S. 802; In re Atwood's Estate, 45 Pac. 1036.

It is a fundamental rule of statutory construction that a former act is repealed by implication by a subsequent act in conflict therewith.

> Baca v. Board of Com., etc., 62 Pac. (N. M.) 979; Territory v. Cortenola, 4 N. M. 305.

In re McMillen.

## STATEMENT OF FACTS.

John McMillen, the decedent, was married February 19, 1886, and to him and his wife, Maggie McMillen, was born on April 3, 1888, a son, John Joseph McMillen, the appellant herein, and protestant against the probate of the will in the court below. Maggie McMillen, on October 13, 1888, was granted a divorce by the district court sitting within and for the county of Grant, and by the decree entered in said case, the custody and care of the son, John Joseph was given to his mother, and the father was required to furnish means for his support. In September, 1900, the decree of divorce was modified so as to provide that John Joseph should be placed in the Brothers College at Santa Fe, and that his father, John McMillen, should pay for his education there. John McMillen died December 25, 1900, leaving by a will, dated August 24, 1892, all of his property to his brothers and sisters. His brother, Daniel C. McMillen, was named as executor. No mention of appellant was made in the will.

In the probate court of Grant county, the will was not admitted to probate, on the ground that the son of decedent was not mentioned in said will. Appeal was taken to the district court sitting within and for the county of Grant, the probate court was reversed, and the will was ordered to be admitted to probate, from which decision an appeal was taken to this court, so the point in this case to be decided is whether or not a testator in the Territory of New Mexico, may disinherit a minor son in a will, in which said son is not mentioned or referred to.

## OPINION OF THE COURT.

MILLS, C. J.—The civil law regarding decent having been altered prior to the death of decedent, this case must be decided solely under the statutes of the Terri-

tory in existence at the time of the death of decedent and such of the common law as is applicable thereto. This case is not affected by sections 38 and 39, Session Laws of 1901, as they were passed after death of decedent.

The only statutes of this Territory which seems to be applicable to this case, are sections 1947 and 2031, Compiled Laws of 1897, both of which distinctly give every person twenty-one years old and of sound mind, the right to dispose by will of his separate estate, without restriction.

Under the common law a child could be disinherited without being mentioned in a will, unless it appeared that the omission of his name occurred through inadvertence or mistake. Shoulder on Wills, section 482.

This harsh rule was changed in Massachusetts as early as 1700; in New Jersey before the Declaration of Independence, and the statutes of those States have been followed by legislation of a like character in upwards of thirty of the States of the Union.

So jealous was the common law of the right of every one to dispose of his property according to his wish, that the Supreme Court of Massachusetts, by several decisions held that although their statute gave to a child to whom no legacy was left by a will a distributive share in the estate of his parent, that notwithstanding such statute such child could take nothing, where it appeared that the omission of the parent to provide for him was intentional. Terry v. Foster, 1 Mass. 146; Wild v. Brewer, 2 Mass. 570; Church v. Crocker, 3 Mass. 17; Wilder v. Goss, 14 Mass. 357.

In this case it will be observed that the divorce of Maggie McMillen from her husband, was granted on October 13, 1888, and that by said decree the decedent was ordered to pay the sum of $12.50 per month from and after the date of the decree for the maintenance of appellant, and it cannot therefore be contended in the face

of these monthly payments, that the omission to mention appellant was caused by or was due to inadvertence or mistake, nor is there anything to show in the record that such was the case.

There is no error in the judgment complained of, and the same is therefore affirmed.

M'cFie and Baker, JJ., concur.

Parker, A. J., having tried this case below did not take part in this decision.