[No. 1720, July 8, 1915.]

SMITH v. STEEN et al.

### SYLLABUS BY THE COURT.

1. Where the probate court has jurisdiction of the person and the subject-matter, the regularity of the appointment of an executor and his right to act cannot be attacked in a collateral proceeding.

P. 442

2. Under the circumstances of this case a sale by the executor named in a will, to whom letters testamentary have issued, under a power of sale authorizing the executors to sell the real and personal property, is not void because the other executor named in the will renounced his appointment and refused to accept the trust.

P. 443

3. Under the provisions of section 5870, Code 1915, the an-

cestor dies intestate as regards a child not named or provided for in the will, and a sale by the executor of real estate of the estate, under power of sale contained in the will, does not divest the pretermitted child of his interest therein.

P. 444

4. The object of section 5870, Code 1915, is not to compel the testator to make any substantial provision for his children, but simply to provide against the children being disinherited through inadvertence of the testator at the time he makes the will.

P. 445

5. Upon the death of the ancestor, title to the personal property passes direct to the personal representatives, and hence the heirs and legatees have no right of possession thereto until the close of the administration, except as otherwise derived through the personal representatives by distribution, or in other lawful ways.

P. 448

6. The sale of personal property by the personal representatives during the pendency of the administration proceedings, under power of sale contained in the will, passes good title thereto as against a pretermitted child.

P. 448

7. The remedy of the pretermitted child as it concerns the real estate conveyed by the executrix is by way of suit to quiet title or partition or both, and not to set aside the conveyances in the absence of fraud.

P. 444

Appeal from District Court, Socorro County; M. C. Mechem, Judge.

Suit by Joseph E. Smith, next friend of John D. Herbert and another, infant heirs of John D. Herbert, deceased, against Henry Steen and another. From a judgment for defendants, plaintiff appeals. Affirmed.

J. A. LOWE and ALEXANDER MACDONNELL, both of Socorro, for appellant.

Trial court had jurisdiction of this case, because the facts stated in the complaint and relief prayed were of an equitable nature and such relief as only could be afforded in a court of equity.

The probate court is of limited jurisdiction.
Nestor v. Ross's Estate, 98 Mich. 200; Fowle v. Barnes, 99 Mich. 8; Dakin v. Dakin, 97 Mich. 284; Shurte v. Fletcher, 111 Mich. 84; McBride v. McIntyre, 91 Mich. 406: Grady v. Hughes, 64 Mich. 540; Holbrook v. Cook, 5 Mich. 225.

Probate court has no chancery jurisdiction.
Section 10, Organic Act; Ferris v. Higley, 20 Wall. 375.

The question of jurisdiction of the court cannot be raised by demurrer unless it appears on the face of the complaint.
Code of N. M.; 72 N. E. 169; 35 Ind. App. 467; 72 N. E. 1034.

An objection, contained in a demurrer, that plaintiffs have not shown their capacity to sue, is too general to raise any question for the determination of the court.
Sub-sec. 36, sec. 2685, C. L. 1897.

A complaint will be sustained if good on any theory.
Holliday v. Perry, 38 Ind. App. 583, 78 N. E. 877.

Defects of misjoinder are not ground for demurrer.
Akins v. Hicks, 109 Mo. App. 95.

At common law, one named as executor in a will is not executor because of such naming, but it has the effect of permitting him to become such when he otherwise complies with the law.
Stagg v. Green, 47 Mo. 500.

Smith v. Steen, 20 N. M. 436.

The appointment of Minnie A. Harbert was void, because two persons were named executors, only one qualifying.

Stagg v. Green, supra.

The sale of real estate by Minnie A. Harbert, as executrix, was void. The power to sell was joint and she could not convey alone.

Moody v. Vandyke, 5 Am. Dec. 591; Croowly v. Hicks, 72 Wis. 66; Noel v. Harvey, 29 Miss. 72; Stevens v. Weaver, 49 Hun. 267.

Real estate of decedent passed direct to the heirs or devisees.

Sec. 1995, C. L. 1897.

The infant's real estate could be sold only as provided by statute.

C. 5, Laws 1903.

Such statutes must be pursued.

Walker v. Sumpers Executors, 5 Ky. L. 4; Meddis v. Bull Admr., 18 S. W. 6; Succession of Coleman, 11 La. Ann. 109.

Fraud, misrepresentation, *caveat emptor.*

Frost v. Atwood, 73 Mich. 67; 16 Am. St. R. 560; Throckmorton v. Pence, 121 Mo. 50; Foley v. Burgers, 86 Mo. App. 674; 99 Am. St. R. 936; 12 Am. St. R. 1461.

One of the children was born after the making of the will. Such child takes as though no will had been executed.

Sec. 2037, C. L. 1897.

H. M. DOUGHERTY of Socorro, for appellee.

This is an attempt by Minnie A. Harbert to set aside the sales made by her to the appellee. She will not be heard to defeat the title of the grantee.

16 Cyc. 686; Carpenter v. Lindauer, 12 N. M. 388.

The will must be set aside within one year from its probate.
Sec. 1991, C. L. 1897.

An acceptance by an executor named in the will need not be a formal one.
11 Enc. of Law (A. & E.) 754.

The executor having power of sale, it was not necessary to apply to the court for permission to make sale of the property.
In the Matter of Davis, 5 Den. (N. Y.) 14; 16 Pick. (Mass.) 107; 26 Am. Dec. 645.

As to the right of the executrix to act after renunciation by her co-executor, see section 1940, C. L. 1897.

The probate court is given exclusive original jurisdiction concerning the probate of estate.
Sec. 928, C. L. 1897, as amended by c. 80, sec. 9, Laws 1899.

Collateral attack on sale cannot be made because of mere irregularities.
11 Am. & Eng. Enc. Law, 785; Dennis v. Bint, 54 Pac. (Cal.) 379; Simmons v. Saul, 138 U. S. 453; Comstock v. Crawford, 3 Wall. 403; Amberson v. Chandler, 17 N. M. 455; Bull v. Bal, 17 N. M. 466.

### OPINION OF THE COURT.

ROBERTS, C. J.—This is a suit in equity brought by complainant, as next friend of John D. Herbert and Felix C. Herbert, Jr., infant heirs of John D. Herbert, deceased, against Henry Steen and Minnie A. Herbert, widow of John D. Herbert, deceased. The bill of complaint alleges that John D. Herbert died testate on October 21, 1909, at Socorro, seised of real and personal property, and that his last will was filed for probate on November 1, 1909; that Minnie A. Herbert and Felix C. Herbert were appointed administrators of said estate on November 1,

1909, pending the probate of said last will, and proceeded to administer the estate; that the said administrators were discharged as such on May 2, 1910, and on that day the last will and testament of John D. Herbert was admitted to probate; that Felix C. Herbert renounced his appointment as one of the executors under the terms of the will, and thereupon Minnie A. Herbert was appointed sole executrix of said last will and testament; that said last will was made and executed on December 11, 1907; that Felix C. Herbert, Jr., was born after the execution of said will, but prior to the death of the testator, but no provision was made for said Felix C. Herbert, Jr., in said will; that under the terms of said last will and testament Felix C. Herbert was named trustee for the infant John D. Herbert of certain real estate in El Paso, Tex., two shares of the capital stock of the Occidental Life Insurance Company, of Albuquerque, and $4,000 in money, to be raised by sale of property of the estate by the executors, the trust to continue until the beneficiary reached the age of 25 years; Minnie A. Herbert, widow of the deceased, was named residuary legatee; that the probate court failed to appoint a trustee in substitution of Felix C. Herbert, who had refused to act; that Minnie A. Herbert did not qualify as executrix by taking the oath provided by law, and refused so to do; that defendant Minnie A. Herbert, on June 20, 1910, sold and transferred to defendant Henry Steen all cattle and horses belonging to the said estate, "the said sale being wholly without authority, she having been discharged from her administratorship, and having never qualified as executor"; that said Minnie A. Herbert also sold and transferred to said defendant Henry Steen, on October 26, 1910, two patented ranches, "without au thority so to do," which said real estate could not have been legally sold by Minnie A. Herbert without a proper order from the probate court with approval of the district court, which was never obtained or applied for; that plaintiff is informed and believes that $7,000 was obtained for said ranches and personal property, which "was totally inadequate, for the reason that the ranches alone were worth not less than $3,000," and at the time of the aforesaid sale

of the cattle and horses there were running in the brands hereinabove set forth approximately 800 head of cattle, worth not less than $20 per head, besides the horses to the number of 10 head; that the said Felix C. Herbert, Jr., is entitled to share in the estate of said deceased as though the deceased died intestate, because of the failure of the testator to provide for said Felix C. Herbert, Jr., in his said last will and testament; that, if the unauthorized acts of said Minnie A. Herbert are permitted to stand, one-half of said estate will be lost to the infant heirs, the said trust will be abortive, and Felix C. Herbert, Jr., will be left wholly without share of inheritance in the estate of his father; that defendant Steen, when he purchased said property, well knew that the price paid therefor "was not proper and full or adequate consideration, because the said defendant Steen had been in absolute charge of said ranches, cattle, and horses for several months prior to the said purchases," and the plaintiff on information and belief charges that "the said Henry Steen falsely and fraudulently represented to the said defendant Minnie A. Herbert that there were but 300 head of stock left of the said estate, * * * and thus procured by his own fraud and willful falsehood. he being the only person cognizant of the true number of said stock, the said sale of said stock to him at a totally inadequate and ridiculous price"; that said sale and purchases were without authority, and fraudulent on the part of said Steen, and ought to be declared null and void.

The plaintiff prayed for cancellation of the deeds of conveyance; for restitution of all the real and personal property so sold; for an award of the share of the estate of Felix C. Herbert; that a trustee be appointed to carry out the terms of said will; that the property of said heirs be conserved; and for costs. The defendant Steen demurred to the bill. which demurrer was sustained by the court, and plaintiff appealed.

[1] It is extremely difficult to ascertain from appellant's brief and argument the precise theory upon which the cause of action is based. We are led to assume from what we can gather therefrom that the principal thing

which appellant seeks to accomplish is the restoration of the property sold by the executrix, and the determination of his interest in the estate.

One of the contentions made by appellant is that the executrix had no power or authority to sell and convey the real estate and personal property, because she failed to take the oath prescribed by statute. The executrix was appointed by the probate court in compliance with the terms of the last will and testament of the testator, and sold the property in question while so acting. The appellant insists that the executrix refused to act as executrix, but no such fact is alleged in the complaint. The complaint simply alleges that the executrix failed and refused to take the oath. Most of the argument of appellant goes to the effect of the failure of the executrix to give bond. No such question as that is before the court. Admitting that the executrix failed to take the oath prescribed by law, the best that can be said is that such omission is an irregularity which is not fatal to the legality of her act in selling and conveying the property. The attack is collateral. At all events the executrix would be a de facto officer, admitting that she was not a de jure officer. The probate court had jurisdiction of the person and subject-matter, and the regularity of appointment and right to act of the de facto executrix cannot be questioned in this proceeding. Amberson v. Candler, 17 N. M. 455, 464, 130 Pac. 255.

[2] Appellant claims that the sales are void and of no legal effect, because made by one executor without the consent of the other. The complaint alleges that the co-executor of Minnie A. Herbert refused to act and renounced his appointment under the will. No person was appointed in the place of the executor who renounced his appointment. The will empowered the executors with right of sale of all of the estate, except such as was devised and bequeathed to one of the minor sons.

The appellant treats the question as though the sale was made by Minnie A. Herbert as administratrix of the estate, and that she did not receive the consent nor the signature of the other administrator to make the sales.

This is an erroneous assumption on the part of appellant, for the sale, under the allegations of the complaint, was made after the administrators had been discharged and the letters testamentary granted to Minnie A. Herbert. We assume that the administration proceedings, in the first instance, were special proceedings, but it is unnecessary to further notice that fact, because it is entirely immaterial to this case and the questions involved.

Because of the erroneous assumption on the part of appellant, we would be justified in declining to further discuss this point. However, section 2219, Code 1915, provides, in substance, that letters testamentary shall be granted to the persons named in the will, and "if a part of the persons thus appointed refuse to act, * * * the letters shall be granted the other persons therein named." This section has the effect of authorizing the executor appointed and acting under such circumstances to carry out the provisions of the will, and in the case at bar authorized the one executor who received the letters testamentary to do all the matters and things which she could have done only jointly with the other named executor, including the sale of real and personal property as therein authorized. 18 Cyc. 1334.

[3—7] It is asserted by appellants that the sale of real and personal property by the executrix was void because of the failure and omission of the executrix to receive the consent of the probate court, by order approved by the district court, to sell the property. We assume, because it is not made plain by the brief of appellant, nor his argument, that the theory of this contention is that Felix C. Herbert, Jr., immediately upon the death of his father, became seised of an undivided three sixteenths of the estate of his ancestor, and that the power of sale contained in the will was without any force or effect as to that property, and a sale thereof conveyed no interest of the pretermitted child. As to the personal property sold by the executrix, the theory of appellant must be that the power of sale contained in the will could not legally authorize the sale of personal property to which the pretermitted child was entitled, and that generally a sale of per-

sonal property of an estate can only be made with the consent of the court.

Section 5870, Code 1915, provides:

> "If any person make his last will and die, leaving a child or children, or descendants of such child or children, in case of their death, not named or provided for in such will, although born after the making of such will, every such testator, so far as shall regard such child or children, or their descendants not provided for, shall be deemed to die intestate; and such child or children, or their descendants, shall be entitled to such a proportion of the estate of the testator, real and personal, as if he had died intestate; and the same shall be assigned to them, and all the other heirs, devisees, and legatees shall refund their proportional part."

This act was passed in 1901, and was, no doubt, copied after that of the statute of the state of Missouri, passed in that form in 1834. The statute was also copied by Washington and Oregon. The courts, in construing this statute, have held that the object of the statute is to produce an intestacy only when the child or descendant is unknown or forgotten, and thus unintentionally omitted; that the statute extends only to a case of an entire omission, and the mention of a child without a legacy or other provision for him is sufficient to cut him off from a distributive share of the estate. A child not mentioned or provided for, however, cannot defeat all of the devises by claiming a share from each, but is entitled only to contribution sufficient to make him equal to that which he would have been entitled to if there had been no will. The will is revoked only pro tanto, and each devise and legacy is abated in equal portions to raise the share to which the pretermitted child is entitled. Block et ux. and Kelly v. Block et al., 3 Mo. 594; Levins et al. v. Stevens et al., 7 Mo. 90; Guitar et al. v. Gordon et al., 17 Mo. 408; Bradley v. Bradley, 24 Mo. 312; Hargadine v. Pulte, 27 Mo. 423; Hockensmith v. Slusher et al., 26 Mo. 237; Hill et al. v. Martin et al., 28 Mo. 78; Burch et al. v.

Brown et al., 46 Mo. 441; McCourtney et ux. v. Mathes, 47 Mo. 533; Pounds v. Dale, 48 Mo. 270; Wetherall et al. v. Harris, 51 Mo. 65; Woods et al. v. Drake, 135 Mo. 393, 37 S. W. 109; Story et al. v. Story et al., 188 Mo. 110, 86 S. W. 225; Schneider v. Koester, 54 Mo. 500; Breiden-stein v. Bertram, 198 Mo. 328, 95 S. W. 828; In re Bar-ker's Estate, 5 Wash. 390, 31 Pac. 976; Hill v. Hill, 7 Wash. 409, 35 Pac. 360; Webster v. Seattle Trust Co., 7 Wash. 643, 33 Pac. 970, 35 Pac. 1082; Purdy v. Davis, 13 Wash. 164, 42 Pac. 520; Christofferson v. Pflenning, 16 Wash. 491, 48 Pac. 264; Morrison v. Morrison, 25 Wash. 467, 65 Pac. 779; Gerrish v. Gerrish, 8 Or. 351, 34 Am. Rep. 585; Northrop v. Marquam, 16 Or. 173, 18 Pac. 449; Worley v. Taylor, 21 Or. 589, 28 Pac. 903, 28 Am. St. Rep. 771.

In Bower v. Bower, 5 Wash. 225, 31 Pac. 598, where the court construed a statute identical with the one in-volved in the case at bar, it was said that the object of the statute "is not to compel the testator to make any substantial provision for his children, but is simply to provide against any such child being disinherited through inadvertence of the testator at the time he makes the will." In that case, and others following it in the same state, it was held that the word "provision," as used in the statute, means some "beneficial legal provision."

The last will and testament of John D. Herbert, de-ceased, failed to mention or name Felix C. Herbert, Jr., therein or make any provision for him whatever. There-fore, so far as Felix C. Herbert, Jr., was concerned, the testator died intestate, and Felix C. Herbert, Jr., became seised of an undivided interest in the real property of the testator, subject only to a sale for the payment of debts, and is entitled to a distribution of the personal property, or the proceeds of the sale thereof. The question now to be considered is what effect has the sale of the real estate by the executrix upon the right, title, and interest of the pretermitted child, if any. The real estate having passed directly to the heir upon the death of the ancestor, sub-ject to the payment of debts and other specified purposes, including expenses of administration, the power of sale

contained in the will can have no effect thereon. The heir takes by operation of law, and the act of the testator in authorizing a sale of the property which belongs to the heir at the time the power of sale became effective cannot militate against the right of the heir in that property. The executrix sold the property without an order of the district court and presumably by virtue of the power of sale contained in the will. The purchaser of the real estate obtained only that title of which the executrix was possessed, and that represented all of the title thereto, except the undivided interest of the pretermitted child.

In Smith v. Olmstead et al., 88 Cal. 582, 26 Pac. 521, 12 L. R. A. 46, 22 Am. St. Rep. 336, the testator devised and bequeathed his estate to his wife, and did not mention nor provide for his minor sons. The will contained a power of sale. The executrix sold certain property of the estate without approval or authority of the court, but the sale was afterwards confirmed by the court. The sale of the realty was not for any of the specific purposes mentioned in the statute. The administration of the estate was still pending. The court held that upon the death of the testator the pretermitted child succeeded immediately, by operation of law, to the same portion of the testator's real property as if no will had been made, and that, as a necessary legal consequence, the power of sale contained in the will was ineffectual, as conferring authority upon the executrix to sell the portion of the estate to which the pretermitted child succeeded. The court further said that immediately upon the death of the ancestor the pretermitted child has power to sell his portion of the estate, subject only to the payment of debts of decedent, and has the same right to judge for himself of the relative advantages of selling or holding that any other owner has, and that the title to the portion of the estate to which the heir is clothed by operation of law is not divested by the sale made by the executrix under the will of the ancestor. In a concurring opinion by Justice Harrison it was said that at the date of the conveyance the testator, being dead, had no interest in the property, and the conveyance, being like any other conveyance under power of

attorney, would necessarily be limited to such interest as the constituent had at the time of the death of the testator, the point of time when the authority of the executor came into existence.

In Northrop v. Marquam, 16 Or. 173, 18 Pac. 449, supra, it was contended that the interest of the pretermitted child was divested by the sale of the executrix authorized by the will of the ancestor, and that the child has only an interest in the proceeds of the sale. The court held that the sale as to all of the interest, except that of the pretermitted child, was valid under the terms of the will, notwithstanding that the law with reference to the sale of real estate had not been complied with, and that the pretermitted child's interest remained unaffected by the sale. The purchaser therefore acquired, by virtue of the sale, title to the property, except such interest therein as the pretermitted child possessed by operation of law. To the same effect is Worley v. Taylor, 21 Or. 589, 25 Pac. 903, 905, 28 Am. St. Rep. 771, supra. The doctrine is so manifestly correct that further citation of authorities is unnecessary. Under the statute law of this state the real estate passes direct to the heirs or devisees, and not to the executor or administrator. Section 2257, Code 1915. Assuming that the estate of the testator was community property, the pretermitted child, therefore, became seised in his own right, upon his father's death, of three-sixteenths of the entire estate, which was not divested by the sale of the executrix.

The personal property sold by the executrix is in a different situation from that of the real estate by reason of the sale. The personal property of the estate passes direct to the personal representatives of the testator or intestate, who in this case is the executrix. The interest of the pretermitted heir therein is simply an undivided three-sixteenths, but not to any particular part, and is subject to proper disposition thereof by the executrix. Before the distribution of the estate the heir has no attached interest therein. All he can claim is the right to his distributive share therein, and if the personal property has been converted by sale into cash, he has only a right in

the proceeds of the sale. While, upon the death of the ancestor, the title to the real estate passes to the heirs and devisees, and not to the executor or administrator, subject to the right of the executor or administrator to convert it into money for particular purposes, title to the personal property, within the contemplation of our statutes and of the common law, passes direct to the executor or administrator, and hence the heirs and legatees have no right therein until the close of the administration, except as otherwise derived through the executor or administrator by distribution or in other lawful ways. It is not seriously contended, as we understand it, in the case at bar, that the executrix did not have full power and authority to sell the personal property.

"Under the common-law rule and in the absence of statute providing otherwise, an executor or administrator has the absolute power to sell or dispose of the personal assets of the estate as he sees fit, and can pass good title to a purchaser." 18 Cyc. 356; 11 Enc. Law, 1005.

The power of sale contained in the will authorized a sale of the personal property generally, and the sale thereof would be valid notwithstanding such power contained in the will, subject to the limitation that the executor is chargeable in his account with the appraised value of the property contained in the inventory. Section 2291, Code 1915; 11 Enc. Law, 1009. Thus it is manifest that the executrix had full power and authority to sell the personal property, and that the appellee obtained good title thereto so far as the right of the executor to sell is concerned. But it is contended by appellant that the sales were made upon false and fraudulent representations. We decline to discuss this question further than to say that the allegations of fraud are so manifestly insufficient that no question of fraudulent action can be predicated thereon. It is also contended by appellant that the sale was upon an inadequate consideration. No authority is cited by appellant, and what argument is made refers to the sale being void because of the doctrine of caveat emptor. Therefore it is unnecessary to further treat this question.

Minnie A. Herbert is alleged to be the real party in interest in this case, both by appellee's brief and his argument, and the fact was not contradicted by appellants. Appellee states that this is an effort on the part of Minnie A. Herbert to rescind the sales made by her to the appellee without doing equity by paying back the purchase price paid to her by appellee therefor. Minnie A. Herbert is made a party defendant, but was never served with process, nor did she enter her appearance herein. The contention made by appellant that no substituted trustee has been appointed by the court to carry out the terms of the trust imposed upon one who renounced his appointment as trustee can affect the appellee in no wise. As to him such allegations are entirely immaterial, and therefore not admitted by the demurrer.

From what has been said it is clear that the complaint fails to state a cause of action as against appellee Steen, and the demurrer was properly sustained. The remedy of appellant, as it concerns Felix C. Herbert, Jr., if any he has, is by way of suit to quiet title or partition, or both.

Other questions are discussed by counsel, but we deem them without any merit, and therefore the judgment of the trial court is affirmed, without prejudice to the rights of appellant or those for whom he is suing to prosecute such further actions concerning the matters involved in this case as he or they or their representatives may deem fit.

HANNA and PARKER, J.J., concur.

SYLLABUS BY THE COURT.

