571 P.2d 817

**In the Matter of the Last WILL and Testament of Thomas PADILLA, Deceased.**

**Frank PADILLA and Bessie Padilla Harmon, Petitioners-Appellants,**

v.

**Rose PADILLA, Respondent-Appellee.**

**No. 11428.**

Supreme Court of New Mexico.

Nov. 21, 1977.

Johnson, Paulantis & Lanphere, John M. Kirk, Jr., Albuquerque, for petitioners-appellants.

Michael Fitzpatrick, Albuquerque, for respondent-appellee.

## OPINION

PAYNE, Justice.

This is an appeal from a probate proceeding wherein Frank Padilla and Bessie Padilla Harmon petitioned the court for a determination that they were pretermitted heirs of their father and were entitled to an intestate share of his estate. The district court denied the relief sought and the petitioners appeal. We affirm.

Thomas O. Padilla, the testator, died on December 1, 1974. At the time of his death, he was survived by six children. By his first wife, Daphne, he had two children, the appellants. By his second wife, Josephine, he had four children. He had no children by his third wife, Rose, who is the appellee.

The fourth clause of the will stated: *Fourth* : I declare that at the date of this Will, I am married to Rose Padilla; that I have four living children, all adults, from a previous marriage; that having, during my lifetime, more than adequately provided for these four children, I leave them nothing in this Will.

Nowhere else in the will did he make reference to his children or name the appellants.

At a hearing wherein three of the testator's four children by Josephine challenged the validity of the will, testimony estab-

lished that Thomas had intentionally omitted all of his children, including the appellants, from the will. This testimony was adopted by the trial court as a finding of fact. The appellants concede that the finding was supported by substantial evidence. The court concluded that the appellants were not entitled to share in the estate, and that the appellee, Rose, was the sole beneficiary of the estate.

The parties agree that a child omitted from a parent's will through oversight or error, shares in the parent's estate by virtue of § 30–1–7, N.M.S.A. 1953 [1], the "pretermitted heir" statute that was in force at the time of the testator's death. This case, however, raises the question of whether a child who was *intentionally* omitted from a will is a pretermitted heir where no indication of that intention is found within the four corners of the will but where all parties agree that the testator's intent was to exclude the children. The statute reads as follows:

30–1–7. *Children omitted from will—Receive intestate share.*—If any person make his last will and die, leaving a child or children, or descendants of such child or children, in case of their death, not named or provided for in such will, although born after the making of such will, every such testator, so far as shall regard such child or children, or their descendants not provided for, shall be deemed to die intestate; and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate; and the same shall be assigned to them, and all the other heirs, devisees, and legatees shall refund their proportional part.

This statute was copied from the statute in force in the State of Missouri in 1901. *In re Gossett's Estate,* 46 N.M. 344, 129 P.2d 56 (1942). *Smith v. Steen,* 20 N.M. 436, 150 P. 927 (1915).

In *Smith v. Steen, supra,* this Court explained the purpose of the statute as follows:

The courts, in construing this statute, have held that the object of the statute is to produce an intestacy only when the child or descendant is unknown or forgotten, and thus unintentionally omitted;

. . . . .

20 N.M. at 445, 150 P. at 929.

■ The statute was adopted in response to the common law rule that an omission of a child from a will was presumed to be a deliberate omission. It was designed to change the common law rule and to provide that the omission of a child would be presumed to be unintentional. *In re McMillen,* 12 N.M. 31, 71 P. 1083 (1903).

Appellants argue that § 30–1–7 does not address intentional omissions, and therefore any evidence relating to the intent of the testator is irrelevant. Under this interpretation the failure to name or provide for a child in a will would negate any intent to omit a child, even where all parties agree that the testator's intent was to omit the child.

In *Thomas v. Black,* 113 Mo. 66, 20 S.W. 657 (1892) the Supreme Court of Missouri said:

Where children are not named, the presumption is that they were unintentionally omitted; and while this presumption may be rebutted, when the tenor of the will, or any part of it, indicates that they were not forgotten, yet it cannot be made to appear by parol evidence, but it must appear on the face of the will, that the testator remembered them; and where they are neither expressly named, nor so alluded to as to show affirmatively that they were in the testator's mind, such presumption becomes conclusive. (citations omitted).

20 S.W. at 657.

■ The Missouri Court held that the question of whether or not the child was intentionally omitted may only be answered with reference to the will itself, and not through recourse to extrinsic evidence. We also accept this proposition as a general

1. Section 30–1–7 has since been repealed by Ch. 257, § 9–101, 1975 N.M. Laws 1109, 1342.

rule. However, when the testator's intent is not contested and is established so clearly as to remove any doubt, we will recognize an exception.

In this case the trial court found that the testator had considered the appellants, had not forgotten them and had intentionally omitted them from his will. This finding was not challenged and will be accepted by this Court as binding on the parties.

It is therefore ordered that the decision of the trial court be affirmed.

IT IS SO ORDERED.

SOSA and EASLEY, JJ., concur.