[No. 606.  Decided February 3, 1890.]

## W. R. HAWKS v. H. L. VOTAW AND L. F. COOK.

### JUDGMENT — AMENDMENT — PRACTICE.

On an application by defendant to the district court for an order citing the plaintiff to show cause why the judgment against defendant should not be satisfied and discharged of record, an order made by the court that the judgment be modified and re-formed by striking out and disallowing the attorney's fee included therein was erroneous for the reason that it was not within the scope of the original order to show cause, and a bare exception to such final order was, under the circumstances, sufficient.

Where a judgment, erroneous but not void, has been entered against a party, he should either appeal, or apply to the court in the manner and within the time prescribed by law to have it set aside.  After the expiration of the time prescribed, the district judge has no power to vacate or modify the judgment.

*Appeal from District Court, Pierce County.*

The facts sufficiently appear in the opinion.

*Parsons & Cadwell,* for appellant.

This proceeding is in no way warranted by law, or by the statutes of Washington Territory.  The only way the judgment could be corrected, as insisted by the appellee, is by a petition filed as in other cases.  Code Wash. T., §§ 436–9; Freeman on Judgments, §§ 69–75; *Lewiston v. Swan,* 33 Cal. 480.

*Town & Likens,* for appellees.

The $40 as attorney's fee having been improperly and inadvertently included in the judgment, a motion to strike it out, followed by a distinct order striking it out, is the proper mode of procedure.  Freeman on Judgments, § 70; *Clark v. Hall,* 7 Paige Ch. 382; *Gardner v. Dering,* 2 Edw. Ch. 131; *Matheson's Adm'r v. Grant's Adm'r,* 2 How. (U. S.) 263.

The opinion of the court was delivered by

Scott, J. — In April, 1887, plaintiff brought suit upon a promissory note against the defendants, Votaw as maker, and Cook as guarantor. Cook appeared in the action, and filed a written consent that judgment might be taken against him for the amount found due, and judgment was rendered against him thereon, March 2, 1887, for the amount of the principal, interest and costs, and an attorney's fee of $40. The note provided for a reasonable attorney's fee. Defendant Votaw resisted the suit, and judgment was rendered against him June 30, 1887, at the trial, for the amount found due, including an attorney's fee of $50. No appeal was taken by either of the defendants. Executions were issued at different times, and various amounts were collected. August 28, 1888, after more than a year had elapsed since the expiration of the term at which the last judgment was rendered in said action, defendant Cook filed an affidavit setting up substantially the foregoing facts, and claiming that the $40 attorney's fee, included in the judgment, was unauthorized, and also that a sufficient amount had been collected upon the several executions to satisfy the judgment. Whereupon he applied to the district judge for an order citing the plaintiff to appear and show cause why said judgment should not be satisfied and discharged of record. The order was granted, and a hearing was had thereon before the judge at chambers. The plaintiff objected to the proceeding, alleging that it was unauthorized by law; that the judge had no jurisdiction, etc.; and claimed that a sufficient sum had not been collected to satisfy the judgment. Apparently the judge did not find that enough had been collected to pay it, but made an order that the judgment against Cook be modified and reformed by striking out and disallowing the $40 attorney's fee. The plaintiff excepted to the order, and appealed therefrom to this court. Ap-

pellee insists that there was no objection to the order; that the bare exception thereto was not sufficient.

The final order made in the proceeding was not within the scope of the original order to show cause, which was only directed to the satisfaction of the judgment. This order was objected to, but the objection was not allowed to prevail. The entry of a different order from that contemplated could not deprive the objection made of its force, especially as it does not appear that there was any opportunity to object specially to the final order before it was granted. Ordinarily, where an opportunity is given, the objection must be made and grounds stated upon which to base an exception. Under the circumstances of this proceeding, however, it is held that the point was sufficiently raised by the objection that was made and the exception taken.

Without passing upon the power of a judge to order a judgment satisfied of record in such a proceeding, we think the final order was clearly unauthorized. The original judgment may have been erroneous in some respects, but it was not void, and the injured party, if he desired its correction, should have appealed therefrom, or have applied to the court, in the manner and within the time prescribed by law, to have it set aside. The time therefor in this case had expired, and the district judge had no power to vacate or change it; consequently the order modifying the judgment is hereby reversed and set aside.

ANDERS, C. J., and DUNBAR and STILES, JJ., concur.

HOYT, J., not sitting, being disqualified.