[No. 738.  Decided December 13, 1892.]

*In the matter of the estate of Eleanor Alice Barker, Deceased:* ELIZA BARNES, *Appellant,* v. ANNA BELLE BARKER *et al., Respondents.*

### WILLS — CHILDREN NOT NAMED — REMEDY.

A will, by the terms of which the testator gives and bequeathes all her property to her well beloved husband, "to the exclusion of every one else who may or might be entitled to the same," is ineffectual as against the testator's children, under the statute requiring that there must be some substantial provision for the children, or else an actual naming of them in the will.

Where a will is void as to children of the testator for the reason that it does not name or provide for them, the proper remedy is to move the court to proceed with the administration of the testator's estate, and, as a part of such administration, to decree and set over to the children the proportion to which they would be entitled if the testator had died intestate.

*Appeal from Superior Court, Thurston County.*

*M. J. Gordon,* and *W. I. Agnew,* for appellant.

*John C. Kleber,* and *Phil. Skillman (Francis A. Hoffman,* of counsel), for respondents:

The child not named or provided for takes by descent, and becomes a tenant in common with other devisees under the will. *Pearson v. Pearson,* 46 Cal. 609. The omission to provide for a child in a will furnishes no ground for objecting to the probate thereof; but the remedy is after probate, by construction, modifying its effect. *Doane v. Lake,* 32 Me. 268. The validity of the will is not affected by such omission, and the remedy of the child not provided for is not by suit to set aside the will. *Schneider v. Koester,* 54 Mo. 500; *Wilson's Ex'rs v. Fosket,* 6 Metc. 405; *Bancroft v. Ives,* 3 Gray, 371; *Bradley v. Bradley,* 24 Mo. 312; *Hargadine v. Pulte,* 27 Mo. 423.

The opinion of the court was delivered by

HOYT, J.—Two principal questions are presented for our decision by the record in this cause. ·*First*, As to the construction of a certain will therein set out; and, *second*, as to the remedy of the petitioner if the construction of said· will contended for by her is sustained.

By the terms of said will the testator gave and bequeathed all her property to her well beloved husband, to the exclusion of every one else who may or might be entitled to the same, and to him and his heirs and assigns forever. Petitioner contends that none of the children of said testator were named or provided for under the clause of the will above stated, and that for that reason as to such children the said testator died intestate. On the other hand it is claimed by respondents that by the expression "to the exclusion of every one else who may or might be entitled to the same," it is apparent the testator had in mind all of her heirs who would be entitled to her property if such will had not been made, and that for that reason such will is operative as against such heirs.

This question has received much discussion in the courts and under the various statutes of the different states the courts have held differently as to what was such naming of or providing for children as would prevent their avoiding the will. This court has lately considered this question, and has come to the conclusion that under our statute (§ 1465, Gen. Stat.), there must be some substantial provision for the children of which they can legally avail themselves, or else there must be an actual naming of such children in the will, or the same will be ineffectual as against such children. See *Bower v. Bower*, *ante*, p. 225. We are satisfied with the conclusion to which we arrived in that case, and it is conclusive upon the question under consideration. It follows that the will was ineffectual as against the petitioner.

Such being the fact, what was her remedy? In our opinion it was simply to move the court to proceed with the administration of the estate of her mother, and as a part of such administration to décree and set over to her the proportion to which she would have been entitled if her mother had died intestate. Under the rules established in the courts of many of the states it would not be necessary for her to go into the probate court at all, as she could, by a direct proceeding for partition, assert her rights as tenant in common with others who were entitled to any interest in the estate of her said mother. But in this state it has been held that, as a general rule, an heir cannot assert her rights to the property of her ancestor excepting in pursuance of a proper decree of distribution of the probate court in which such estate is entitled to be administered. Hence it follows that here the proper relief to be sought by the petitioner is to so move the proper probate jurisdiction that a speedy termination of the administration of her mother's estate may be had, and the proper decree of distribution rendered therein.

We have carefully examined the facts set out in the petition and have construed them in the light of the prayer for relief contained therein, and we are unable to hold that the proceeding on the part of the petitioner was of the nature above indicated. What she sought was to have the will annulled, and any proceedings had in the course of the administration of the estate vacated and set aside. But the will, though ineffectual as to her, was not void. Hence the administration of the estate had been properly set on foot by the probating of said will, and should continue until the estate is finally closed. The only effect that the failure to name the children in said will could have upon the proceedings would be to compel a determination thereof without regard to any extension provided for by

the terms of the will, and a distribution that as to them should be uninfluenced by any of the provisions thereof.

It is possible that the facts set up in the petition were sufficient to have warranted the court to have treated it as simply an application to have the administration of the estate of the mother speeded to a final determination, and had the lower court taken this course it is probable that its action in so doing would not have been disturbed here. But the lower court did not thus liberally construe the petition. It simply examined the same for the purpose of determining whether the facts therein stated would authorize the granting of the prayer of the petitioner. And having rightfully come to the conclusion that they would not, it will not be here held that it committed error in dismissing the petition. If upon the decision of the lower court that the prayer of the petition could not be granted, it had been properly moved to grant the proper relief as above indicated, the question would be here fairly presented as to whether or not the facts stated in the petition were sufficient to set on foot the machinery of the court to procure a proper distribution of the estate of the mother of the petitioner. But in the absence of any such request made in the lower court this court will not now pass upon the question.

It follows that the order of the lower court must be affirmed.

ANDERS, C. J., and SCOTT, STILES and DUNBAR, JJ., concur.