[No. 3254.   Decided July 11, 1901.]

WALTER F. MORRISON, JR., et al., Appellants, v. WALTER F. MORRISON, SR., et al., Respondents.

JUDGMENT AGAINST MINORS — VACATION — PROCEDURE.

Under Bal. Code, § 5153, subd. 8, which provides that a judgment may be modified or vacated for error therein shown by a minor within twelve months after arriving at full age, and under § 5157, Id., which provides that "in such proceedings the party shall be brought into court in the same way, on the same notice as to time, mode of service and mode of return, and the pleadings shall be governed by the same principles, and issues

be made up by the same form, and all the proceedings conducted
in the same way, as near as can be, as in original action by ordi-
nary proceedings, except that the facts stated in the petition
shall be deemed denied without answer, and defendant shall in-
troduce no new cause, and the cause of the petition shall alone
be tried," it is not required that the petitioner shall file his mo-
tion or petition in the original case, nor is any statutory form
of procedure prescribed by such sections which must be strictly
pursued.

SAME — PARTIES.

In an action by a minor within one year after attaining ma-
jority to vacate a judgment, a sister affected by the same judg-
ment, but who was past the age when she could maintain the
like kind of action, and against whom no relief was sought, is
not a necessary party to the action seeking to open up the judg-
ment.

PROCESS — SERVICE UPON GUARDIAN OF MINORS — NUMBER OF COPIES
    NECESSARY.

Service of one copy of summons upon the father, in an ac-
tion in which his three minor children were defendants, was
sufficient, where a copy was left with each of the minors, since
the object of the service is notice, and one copy served on the
father would answer that purpose as well as an increased num-
ber of copies.

WILLS — FAILURE TO MENTION CHILDREN — ADMISSIBILITY OF EVI-
    DENCE TO SHOW TESTATOR'S INTENT.

In an action by a minor within one year after arriving at
the age of majority to vacate a judgment awarding all the prop-
erty of plaintiff's deceased mother to her surviving husband,
under a will which failed to mention the children of the testator,
the complaint states a cause of action when it alleges that the
will made no provision for any of the children, and that oral
evidence was received by the trial court for the purpose of show-
ing an intention to omit them, since the admission of such evi-
dence to vary the will constituted error of the trial court.

Appeal from Superior Court, Yakima County.—Hon.
John B. Davidson, Judge. Reversed.

Graves & Englehart, for appellants.

Whitson & Parker, Bogle & Rigg, and Wager & Cam-
eron, for respondents.

The opinion of the court was delivered by·

MOUNT, J.—Mary L. Morrison died August 18, 1887, being at the time a resident of the territory of Washington. She left surviving her Walter F. Morrison, Sr., her husband, and also Louise Gertrude Morrison, Ethan Allen Morrison, Walter F. Morrison, Jr., and Madeline M. A. Morrison, children by her said husband, and all minors at the time of her death. She left a will by which she bequeathed all her property to her husband, in this language:

"I grant and bequeath unto my beloved husband, Walter F. Morrison, Sr., of North Yakima, Yakima county, Washington Territory, all my property both personal and real."

The children were not mentioned· in the will. The husband was named as executor. In due course this will was admitted to· probate, and letters of administration were issued to said executor. After the issuance of letters, the executor, having experienced difficulty in disposing of the property, and being desirous of having an interpretation of the said will which would make it appear valid, filed his complaint in the superior court of Yakima county against the said children, praying that said will be construed. Summons was duly issued and placed in the hands of the sheriff of Yakima county, who made return that he had served each of the defendants personally with a copy thereof, and at the same time and place had delivered a copy of said summons to said Walter F. Morrison, Sr., father of said minors, in whose care and control he found them. Thereupon, after the time for answering had expired, neither of the minors having appeared, the court made an order in which it was adjudged that the minors had been regularly served with process, that they had no other guardian than their father, and that it was neces-

sary for the protection of their interests to have a guardian *ad litem* appointed; whereupon such guardian was appointed. He appeared and filed an answer, by which he put in issue all the allegations of the complaint. Trial was had, oral evidence was taken to show that the said children were intentionally omitted by the testatrix, and that said W. F. Morrison, Sr., was entitled to the property by virtue of an agreement entered into by the husband and wife relating to the disposition of their community property, whereby the wife was to make this will in favor of her husband, and her husband was to and did, at or before the date thereof, make a conveyance to her of all the property. Upon oral evidence of these facts, the court in that case made the decree set out in the complaint herein, and all of said property was thereby distributed to Walter F. Morrison, Sr., who thereupon immediately took all of said property into his charge, and has ever since exercised ownership of the same, and withheld from said children the whole thereof. Ethan Allen Morrison has since said time arrived at the age of majority, and within one year thereafter filed his complaint in this action, alleging substantially the foregoing facts, and prays to have said judgment and decree vacated and set aside for errors. A brother and sister who are minors are joined with him, by guardian *ad litem,* as plaintiffs. Walter F. Morrison, Sr., and numerous persons who have acquired interests in the property by purchase since said decree, are made parties defendant. Demurrers to the complaint were filed by defendants upon all the statutory grounds, and said demurrers were sustained, and the complaint dismissed. This appeal is taken from said order of dismissal.

It is conceded by respondents that the lower court has jurisdiction to vacate and modify judgments after the term at which they are rendered, under § 5153, Bal. Code;

but it is contended that the statutory remedy is not only exclusive, but must be followed strictly either by motion or petition in the original case. This contention would undoubtedly be correct if any statutory form of remedy had been provided, but we find no provision of our Code relative to procedure by which a judgment may be modified or vacated for error in a judgment shown by a minor within twelve months after arriving at full age (subd. 8, § 5153), unless it be § 5157, hereinafter referred to. Sections 5154, 5155, and 5156, Bal. Code, provide how and in what time application shall be made under certain specified subdivisions of § 5153, but the 8th subdivision, above quoted, is not included therein. Section 5157 is a general provision relating to proceedings referred to in preceding sections, and is as follows:

"In such proceedings the party shall be brought into court in the same way, on the same notice as to time, mode of service and mode of return, and the pleadings shall be governed by the same principles, and issues be made up by the same form, and all the proceedings conducted in the same way, as near as can be, as in original action by ordinary proceedings, except that the facts stated in the petition shall be deemed denied without answer, and defendant shall introduce no new cause, and the cause of the petition shall alone be tried."

If it be conceded that this section is applicable to the case before us, and prescribes the method and forms of procedure, still no statutory method is here given which modifies the general procedure in any way except in the provision that no answer is required and no new cause may be introduced by defendant. This section specially provides that the pleadings shall be governed by the same principles, and issues made up in the same form as near as can be, as an original action by ordinary proceedings. What is here meant evidently is that the petition or complaint

must contain a plain and concise statement of the facts
constituting the cause by which the judgment or decree
is rendered voidable or void, and also the errors com-
plained of, and that such parties may be brought into the
action, either plaintiffs or defendants, as may be affected
thereby, as is required in ordinary actions. Pleadings
directed to the complaint, as to its sufficiency or otherwise,
are disposed of as in ordinary actions. In other words, the
general form of action may be followed under this sub-
division, and it is not necessary to have the same plaintiffs
and defendants as in the original action. As was said in
*Roberts v. Shelton Southwestern R. R. Co.,* 21 Wash. 427
(58 Pac. 576), "the proceeding  .  .  .  is in the nature
of an independent action." This was the form adopted in
the present action. In this complaint the complaint and
decree in the former action are set out *in haec verba,* and
the errors complained of are stated substantially as re-
quired, and it sufficiently complies with the procedure re-
quired to vacate a decree under this subdivision of the
statute. The cases of *Long v. Eisenbeis,* 18 Wash. 423 (51
Pac. 1061) ; *Hawks v. Votaw,* 1 Wash. 70 (23 Pac. 442),
and *Davis v. Fields,* 9 Wash. 78 (37 Pac. 281), cited and
relied upon by respondents, are not in point here, either
in the facts or the principles involved. In *Long v. Eisen-
beis* is was sought by bill in equity to vacate and modify
a judgment after the year had expired, without any show-
ing why the application was not seasonably made, and the
complaint was properly held insufficient. In *Hawks v.
Votaw* it was held that where a judgment, erroneous but
not void, has been entered against a party, he should either
appeal or apply to the court within the time and in the
manner prescribed by law to have it set aside. The re-
spondent had not pursued either remedy. In *Davis v.
Fields* it was attempted by original action between the

same parties to vacate a judgment in another case because of error of the trial court therein. There was no claim that there was any error against a minor, and the court properly held that such action could not be maintained.

It is next argued that Louise Gertrude Morrison, a party defendant in the original action, is not made a party in this action, and for that reason there is a defect of parties. It appears from the complaint that Louise Gertrude Morrison when this action was commenced was at least twenty-three years of age, or one year past the time when she could maintain this action. So far as the complaint shows, she has no further interest in the litigation, and no relief is sought against her, and she is therefore not a necessary party. The rights of all parties interested may as well be determined without her.

It is claimed by appellants that proper service was not made in the original action upon the minors, because a copy of the complaint and summons for each of said minors was not left with the father, with whom they resided. It appears that a copy was left with each of said minors and one copy with their father. This was sufficient. The object of the service was notice, and one copy answered the purpose as well as any number thereof. *Huggins v. Dabbs,* 57 Ark. 628 (22 S. W. 563); *Richardson v. Loupe,* 80 Cal. 490 (22 Pac. 227); *Rodgers v. Rodgers' Adm'r* (Ky.), 31 S. W. 139.

This court in several cases has held that failure of deceased to mention his children in a will renders such will void as to such children, and that oral testimony that deceased intended to omit them is inadmissible. *Bower v. Bower,* 5 Wash. 225 (31 Pac. 598); *In re Barker's Estate,* 5 Wash. 390 (31 Pac. 976); *Hill v. Hill,* 7 Wash. 409 (35 Pac. 360); *Purdy v. Davis,* 13 Wash. 165 (42 Pac. 520). It is alleged in the complaint that the will made no provision for any of said children, and that oral evidence

was received by the trial court for the purpose of showing an intention to omit them. The complaint, therefore, stated an error of the trial court, for which a minor, after arriving at the age of majority and within one year, might vacate the same. It was therefore error of the lower court to sustain the demurrer on the ground that the complaint did not state a cause of action. It is true, as said by this court in *Kromer v. Friday,* 10 Wash. 621 (39 Pac. 229, 32 L. R. A. 671), in the absence of fraud or collusion, minors, properly represented, are bound as fully as if they had been majors and personally cited. But this is true only where the parties are all before the court and properly represented, and where the court has jurisdiction both of the persons of the minors and of their property. In the original case the court had jurisdiction of the persons of the minors, but did not have jurisdiction of the property, because the will which gave jurisdiction of the property was void in so far as the interest of these minors was concerned. If the allegations of the complaint are true, the action brought by Morrison, Sr., was evidently intended as an action to make a void will valid by oral evidence explanatory of the conditions which led up to the making of the will prior to the death of the testatrix. This we have seen could not be done.

We conclude, therefore, that the complaint is in proper form; that the court had jurisdiction of the subject matter; that the plaintiffs and defendants are proper parties; that there is no misjoinder; and that the complaint states a cause of action.

The judgment of the lower court will therefore be reversed, and the cause remanded, with instructions to overrule the said demurrer.

ANDERS, DUNBAR, FULLERTON, HADLEY and WHITE, JJ., concur.

REAVIS, C. J. not sitting, being disqualified.