[No. 5129.  Decided April 18, 1905.]

HELEN MAY VAN BROCKLIN, *Respondent*, v. ENOCH W. WOOD, *as Executor of the Will of J. W. Van Brocklin, Deceased, et al., Appellants.*[1]

WILLS—ADOPTED CHILD—NOT NAMED IN WILL—RIGHTS OF. Where a testator dies, leaving an adopted daughter not named or provided for in his will, he is deemed to have died intestate as to such child, under Bal. Code, § 4601; since Bal. Code, § 6483, confers upon an adopted child all the rights and privileges of a child born in lawful wedlock.

SAME—DIVORCE—CUSTODY OF ADOPTED CHILD AWARDED TO WIFE—PROVISION FOR. The fact that a testator, whose will did not name or provide for an adopted child, had been divorced from his wife and the custody of such child awarded to the wife, and that certain property was set aside by the decree to the wife as the wife's separate property, does not amount to an advance for the benefit of the daughter, or prevent her from inheriting a share of the testator's estate as though he had died intestate.

SAME—ATTACK ON WILL BY CHILD NOT NAMED—EFFECT—REGU-LARITY OF ADMINISTRATION—DISTRIBUTION. The fact that a will did not name or provide for a child of the testator does not render the will void absolutely, nor authorize the setting aside of the probate proceedings; but the administration had should stand as regular in all things, except that, after payment of the debts and expenses, the proportionate share of such child should be paid over and the balance of the estate distributed under the will.

1Reported in 80 Pac. 530.

Appeal from a judgment of the superior court for King county, Tallman, J., entered December 8, 1903, in favor of the petitioner, upon sustaining a demurrer to an affirmative answer, in a proceeding to set aside the probate of a will, declaring the will void. Affirmed in part, and reversed in part.

*Sachs & Hale* and *James McNeny,* for appellants, cited: *Davis v. Fogle,* 124 Ind. 41, 23 N. E. 860, 7 L. R. A. 485; *Runkle v. Gates,* 11 Ind. 95; *In re Renton's Estate,* 10 Wash. 533, 39 Pac. 145. The statute must be strictly construed. 1 Cyc. 932; *Upson v. Noble,* 35 Ohio St. 655; *Fosburg v. Rogers,* 114 Mo. 122, 21 S. W. 82, 19 L. R. A. 201; *Wallace v. Rappleye,* 103 Ill. 229; *Shearer v. Weaver,* 56 Iowa 578, 9 N. W. 907; *Ex parte Clark,* 87 Cal. 638, 25 Pac. 967; Sutherland, Statutory Constr., §§ 139, 400, 458; *Bartlett v. O'Donoghue,* 72 Mo. 563; *Haskinson v. Adkins,* 77 Mo. 537. The adopted daughter is limited to the right of inheritance if no will is made. 1 Cyc. 930, 931; *Warren v. Prescott,* 84 Me. 483, 24 Atl. 948, 30 Am. St. 370, 17 L. R. A. 435; *Russell v. Russell,* 84 Ala. 48, 3 South. 900; *Morrison v. Sessions' Estate,* 70 Mich. 297, 38 N. W. 249, 14 Am. St. 500. A construction must be adopted that gives effect to the terms "legal heir." Sedgwick, Stat. and Const. Law, 199; *Palmer v. Stumph,* 29 Ind. 329; 23 Am. & Eng. Ency. Law (2d ed.), 309. This gives the adopted child the rights of a "child" under the statutes of descent and distribution, but does not make her a child within the meaning of the statute of wills. *Commonwealth v. Nancrede,* 32 Pa. St. 389; *Estate of Miller,* 110 N. Y. 216, 18 N. E. 139; *Upson v. Noble, supra; Humphries v. Davis,* 100 Ind. 274, 50 Am. Rep. 788; *Wagner v. Varner,* 50 Iowa 532; *Schafer v. Eneu,* 54 Pa. St. 304. The

intent of the testator was clearly to omit her. *Cross v. Cross,* 23 Wash. 673, 63 Pac. 528; *Morrison v. Sessions' Estate, supra.*

*Glasgow, Ogden & Crary,* for respondent, contended, among other things, that the deceased died intestate as to his adopted daughter. *Smith v. Robertson,* 89 N. Y. 555; *Northrop v. Marquam,* 16 Ore. 173, 18 Pac. 449; *Pearson v. Pearson,* 46 Cal. 609; *In re Grider,* 81 Cal. 571, 22 Pac. 908; *Smith v. Olmstead,* 88 Cal. 582, 26 Pac. 521, 22 Am. St. 336, 12 L. R. A. 46; *Newman v. Waterman,* 63 Wis. 612, 23 N. W. 696, 53 Am. Rep. 310. The statute fixes the status of the child as though she had been born in lawful wedlock. *Upson v. Noble,* 35 Ohio St. 655; *Lathrop v. Young,* 25 Ohio St. 451; *Quigley v. Mitchell,* 41 Ohio St. 375; *Phillips v. McConica,* 59 Ohio St. 1, 51 N. E. 445, 69 Am. St. 753. The statute is to be liberally construed. *Bray v. Miles,* 23 Ind. App. 432, 54 N. E. 446, 55 N. E. 510; *Flannigan v. Howard,* 200 Ill. 396, 65 N. E. 782, 93 Am. St. 201, 59 L. R. A. 664; *Glascott v. Bragg,* 111 Wis. 605, 87 N. W. 853, 56 L. R. A. 258; *Virgin v. Marwick,* 97 Me. 578, 55 Atl. 520; *Estate of Jessup,* 80 Cal. 625, 22 Pac. 260. The adoption had the same effect in law as a birth. *Hilpire v. Claude,* 109 Iowa 159, 80 N. W. 332, 77 Am. St. 524, 46 L. R. A. 171. *Flannigan v. Howard, supra,; Warren v. Prescott,* 84 Me. 483, 24 Atl. 948, 30 Am. St. 370, 17 L. R. A. 435; *Burrage v. Briggs,* 120 Mass. 103; *Sewall v. Roberts,* 115 Mass. 262; *Buckley v. Frasier,* 153 Mass. 525, 27 N. E. 768; *Power v. Hafley,* 85 Ky. 671, 4 S. W. 683, 7 Am. St. 571; *Sayles v. Christie,* 187 Ill. 420, 58 N. E. 480; *Gray v. Holmes,* 57 Kan. 217, 45 Pac. 596, 33 L. R. A. 207; *Estate of Newman,* 75 Cal. 213, 16 Pac. 887, 7 Am. St. 146.

MOUNT, C. J.—On the 6th day of January, 1892, the respondent, Helen May Van Brocklin, was legally adopted as the daughter of J. W. Van Brocklin and Candace Van Brocklin, his wife. Thereafter, on June 22, 1894, said J. W. Van Brocklin and Candace, his wife, were divorced, their property was divided by stipulation and decree, and the care, custody, and control of the adopted minor daughter, Helen May, was awarded to the divorced wife. Besides this adopted daughter, there were two sons who were past the age of majority at the time of the divorce. Some time after the divorce was granted, the said J. W. Van Brocklin married Adele Van Brocklin. Thereafter, on the 12th day of March, 1900, the said J. W. Van Brocklin made his will, by the terms of which he left certain property to his wife, Adele Van Brocklin, and to his two sons, Frank H. and Hiram L. Van Brocklin, one dollar each, and all the remainder of his property to his executor named in the will, viz., Enoch W. Wood, in trust for his grandchildren by his son Frank H. Van Brocklin. The adopted daughter, Helen May, was not named or provided for in the will.

Thereafter, on March 18, 1900, the testator, J. W. Van Brocklin, died, and on March 23, 1900, the said last will and testament was admitted to probate, and the executor named in the will was appointed by the superior court of King county to serve without bonds, as provided in said will. The executor qualified and has continued to discharge his duties as executor ever since that time. On the 18th day of March, 1903, the adopted child, Helen May Van Brocklin, filed a petition in the probate proceedings above referred to, setting up the fact of the death of her father by adoption, the proceedings by which she was adopted, the will and its provisions, that she was not mentioned in the will and not provided for, that the will

had been admitted to probate without notice to her, that Enoch W. Wood was appointed executor, and was acting without bonds, and that the requisite time had expired so that distribution of the estate might be had; and prayed, that the will and the probating thereof be revoked and set aside, in so far as it affected her rights, for an accounting, and for the discharge of the executor, and that an administrator be appointed to settle the estate.

A general demurrer was interposed to the petition, upon the ground that it does not state facts sufficient to constitute a cause of action, and that the proceedings have not been commenced within the time limited by law. This demurrer was overruled, and an exception taken. Thereafter respondent filed an answer, denying certain portions of the petition, and containing an affirmative defense setting up the proceedings in the divorce case in full, and alleging that the property awarded to Candace Van Brocklin, the divorced wife of J. W. Van Brocklin, deceased, was for the benefit of, and an advancement to, said petitioner. A demurrer was sustained to the affirmative answer. The appellants elected to stand upon the allegations of the answer. Findings of fact were thereupon made, substantially as alleged in the petition, and the court entered a decree a portion of which is as follows:

"Ordered, adjudged, and decreed that Helen May Van Brocklin is, to all legal intents and purposes, a child and legal heir of the said J. W. Van Brocklin, deceased. It is further ordered, adjudged and decreed that the last will and testament of the said J. W. Van Brocklin, deceased, be and the same is hereby declared to be ineffectual as against said child, Helen May Van Brocklin, and that J. W. Van Brocklin died intestate as to the said child, and she is entitled to receive, and shall receive, such proportion of said estate of said J. W. Van Brocklin, deceased, both real and personal, as if the said J. W. Van Brocklin had died intestate, and the same shall be as-

signed to her and all the other heirs, devisees, and legatees shall refund their proportional part. It is further ordered, adjudged and decreed that the probate of said last will and testament of said J. W. Van Brocklin, deceased, and the decree admitting the same to probate, entered on the 23d day of March, A. D. 1900, and the letters testamentary issued thereon to said Enoch W. Wood be and the same are hereby annulled, revoked and set aside and declared to be absolutely void and of no force or effect."

This appeal involves two principal questions, viz.: Does the respondent, Helen May Van Brocklin, occupy the same relation to J. W. Van Brocklin, deceased, as a child born in lawful wedlock? If so, was the will absolutely void and of no effect? The statutes of this state in reference to adopted children provide as follows:

"§ 6483 [Bal. Code]. By such order [of adoption] the natural parents shall be divested of all legal rights and obligations in respect to such child, and the child shall be free from all legal obligations of obedience and maintenance in respect to them, and shall be, to all intents and purposes, the child and legal heir of his or her adopter or adopters, entitled to all the rights and privileges and subject to all the obligations of a child of the adopter or adopters begotten in lawful wedlock: Provided, That on the decease of parents who have adopted a child or children under this chapter, and the subsequent decease of such child or children without issue, the property of such adopting parents shall descend to their next of kin, and not to the next of kin of such adopted child or children."

We have found no statute of any other state which goes further than this statute toward making the rights of the adopted children equal to those of the blood, and none has been called to our attention. No decisions have been cited to us which have construed the effect of similar statutes upon the status of an adopted child. It seems to us that, under the plain provisions of our statute, a child adopted under it has all the rights and privileges, and to the same

extent, as one born in lawful wedlock, because the statute expressly says "the child . . . shall be to all intents and purposes the child and legal heir of his or her adopter . . . entitled to all the rights and privileges . . . of a child of the adopter or adopters, begotten in lawful wedlock." This statute we think was intended to, and does, confer upon the adopted child more than the ordinary right of inheritance; for, in addition to making it the child and legal heir, as is done in some states, the statute proceeds to say that such child is entitled to all the *rights and privileges* of a child begotten in lawful wedlock. It is difficult to conceive of language which would clearly or definitely give to an adopted child all the rights of one born in lawful wedlock, if the language quoted in this section does not do so. Bal. Code, § 4601, in reference to wills, provides:

"If any person make his last will and die, leaving a child or children, or descendants of such child or children, in case of their death, not named or provided for in such will, although born after the making of such will, or the death of the testator, every such testator, so far as he shall regard such child or children, or their descendants, not provided for, shall be deemed to die intestate, and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them, and all the other heirs, devisees, and legatees shall refund their proportional part."

Under this section, this court has uniformly held that, when a testator leaves any children not named or provided for by the will, such will is ineffective as to such children. *Bower v. Bower*, 5 Wash. 225, 31 Pac. 598; *Morrison v. Morrison*, 25 Wash. 466, 65 Pac. 779, and cases there cited.

Appellants contend that the words "although born after

the making of such will," show an intention of the legislature to refer to natural children only. This statute was passed some twenty years before the adoption statute above quoted, and, even if the legislature then intended it to apply to natural born children, we think that adopted children, who are given all the rights of natural born children under the later statute, should be held to be included within its terms. The answer of the appellants sets out the stipulation and decree in the divorce case by which the property of J. W. Van Brocklin and his then wife was divided. This decree does not purport to set any property over to the daughter as an advance, or in any other manner. It awards certain property to Candace Van Brocklin as her separate property; but there is no indication of any purpose that such property is awarded for the benefit of the adopted daughter, Helen May Va·· Brocklin. The lower court, therefore, properly overruled the demurrer to the petition, and properly sustained the demurrer to the affirmative answer. It follows from what we have said above that the daughter, Helen May Van Brocklin, is entitled to share in her adopted father's estate, as if he had died intestate.

But it does not follow from this that the will was void absolutely; nor that the proceedings thereon are invalid. The validity of the will is not attacked, except as it conveys property which descends by law to the respondent. There is no allegation in the pleadings, and no showing of any kind, that the will was not properly executed, or that it is not valid in all respects so far as concerns the other heirs, legatees, or devisees. Nor is there any finding that the executor was not regularly appointed, or that he is an improper person, or is conducting the estate improperly. It must, therefore, be held that the will is a good and valid will in all respects as it appears to be upon

its face, except in so far as the rights of the respondent are concerned, and that the administration of the estate is in all respects regular. In *In re Barker's Estate*, 5 Wash. 390, 31 Pac. 976, in discussing the remedy of a child not provided for in a will, this court said:

"In our opinion it was simply to move the court to proceed with the administration of the estate of her mother, and as a part of such administration to decree and set over to her the proportion to which she would have been entitled if her mother had died intestate."

Further along in the same opinion it was said:

"What she sought was to have the will annulled, and any proceedings had in the course of the administration of the estate vacated and set aside. But the will, though ineffectual as to her, was not void. Hence the administration of the estate had been properly set on foot by the probating of said will, and should continue until the estate is finally closed. The only effect that the failure to name the children in said will could have upon the proceedings would be to compel a determination thereof without regard to any extension provided for by the terms of the will, and a distribution that as to them should be uninfluenced by any of the provisions thereof."

That opinion clearly pointed out the effect of the will in this case, and the procedure by which the respondent should assert her rights. The petition here should be treated to be such as is here designated. The whole estate is subject to the debts and expenses of administration. When these are paid, then the respondent is entitled to have her proportionate share of the estate set over to her, and the balance of the estate descends according to the terms of the will.

We think the lower court erred in declaring the will void, and setting aside all the proceedings thereunder, but in all other respects the judgment was right. The cause

is remanded with instructions to proceed in accordance with this opinion. Neither party to recover costs on this appeal.

FULLERTON, HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.