[No. 31234. *En Banc.* October 30, 1950.]

EVALINE E. ELLIS, *Appellant*, v. ALBERT E. SCHWANK, *Respondent*.[1]

[1] Reported in 223 P. (2d) 448.

*Everal Carson,* for appellant.

. *H. G. King* and *E. W. King,* for respondent.

SIMPSON, C. J.—This action was instituted for the purpose of recovering the value of a one-half interest in the estate of Gottlop Schwank, deceased. A demurrer to the complaint was presented and sustained. Plaintiff appealed to this court.

The pertinent portions of the complaint are as follows:

"I. At all times pertinent to this action, the plaintiff is and has been the daughter of Gottlop Schwank, now deceased. That during his lifetime, the said Gottlop Schwank acknowledged in writing, witnessed by competent witnesses, that plaintiff was his daughter, and the said Gottlop Schwank deposited said writings in his safe deposit box in the First National Bank of Walla Walla, Washington.

"II. In the year of 1920, Gottlop Schwank could not read, write, nor sign his name.

"III. The defendant, Albert E. Schwank, is the son of Gottlop Schwank. The defendant, Albert E. Schwank, falsely secured the probate of a purported will of Gottlop Schwank dated in 1920, and the said defendant fraudulently, surreptitiously, and with intent to defraud plaintiff of her rights as a daughter of Gottlop Schwank, destroyed written statements of Gottlop Schwank that plaintiff was his daughter, and destroyed a will dated 1926 acknowledging plaintiff as his daughter and another will dated in the 1930's acknowledging plaintiff as his daughter, and the defendant further destroyed written and witnessed acknowledgements that plaintiff is the daughter of Gottlop Schwank. The plain-

tiff was not named in the instrument admitted to probate in the Superior Court of the State of Washington for Walla Walla County as an heir at law, or in any way mentioned in said will, and by reason thereof is the owner to an undivided one-half of the Gottlop Schwank estate, the real estate of which is described as follows:

[Here follows description.]

In addition to the above described property, there are six hundred and forty (640) acres of property in Umatilla County, Oregon, the description of which will be furnished later. The estate of Gottlop Schwank consisted of the above described real property and the real property in Umatilla County, Oregon and miscellaneous personal property, together with One Hundred Forty-five Thousand Dollars ($145.000.00) cash, and the entire estate was of the value of $500,000.00 (Five Hundred Thousand Dollars)."

Counsel for respondent, in his brief and by a statement made during argument in this court, admitted that the final decree of distribution has been entered. It will be borne in mind that this is not an action to contest a will, but is one to recover property or its value which was obtained by fraudulent means. It is indicated in the complaint that the fraudulent acts of respondent were committed prior to the time he filed the will of 1920 for probate.

The first question to be determined is whether the fraud charged is extrinsic or intrinsic, the reason being that some cases hold that if the fraud be intrinsic no recovery may be had. All cases hold that recovery may be had if the fraud be extrinsic.

Extrinsic fraud is that fraud which denies or prevents a person his opportunity to present at the trial all of the rights or defenses he is entitled to present.

"It may be stated as a general rule that where the action of the successful party in probate proceedings, in concealing or failing to disclose to the court the existence of a person interested in the estate, amounts to fraud of any kind, and the defrauded person has thereby been prevented from learning of the proceeding or asserting his claim therein, the fraud is extrinsic, rather than intrinsic, and such person is entitled to equitable relief against the decree of the probate court." 113 A. L. R. 1235.

■■ We are convinced that in this case the fraud alleged amounted to extrinsic fraud. The pleadings in this case set forth facts which demonstrated that respondent held the property belonging to appellant in trust for her use and benefit. This trust arose from the fraudulent acts of respondent and is termed a trust *ex maleficio* or a constructive trust.

This court, in *Seventh Elect Church in Israel v. First Seattle Dexter Horton Nat. Bank*, 162 Wash. 437, 299 Pac. 359, defined the rule as follows:

"Where, for any reason, the legal title to property is placed in one person under such circumstances as to make it inequitable for him to enjoy the beneficial interest, a trust will be implied in favor of the persons entitled thereto. This arises by construction of equity, independently of the intention of the parties. Equity will raise a constructive trust and compel restoration, where one through actual fraud, abuse of confidence reposed and accepted, or through other questionable means, gains something for himself which, in equity and good conscience, he should not be permitted to hold. [Citing cases.]"

A classic definition of a trust *ex maleficio* or constructive trust was stated by Judge Cardozo in the following language:

"A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee." *Beatty v. Guggenheim Exploration Co.*, 225 N. Y. 380, 122 N. E. 378.

The facts in *Brazil v. Silva*, 181 Cal. 490, 185 Pac. 174, were: The sole distributee under a will, fraudulently pretended to testator that the will was in an envelope which she burned when he requested her to destroy the will. After the death of the testator, the defendant probated the will which bequeathed the property to her. The supreme court of California held that the distributee held the property under a constructive trust for the other heirs. In speaking of the wrongdoer, the court said:

"In such a case equity will not permit him to have safe shelter under the formal requirements of the law, either statutory or other. It follows that the complaint in this case states a cause of action and the demurrer cannot be sustained on that ground."

It was proven in *Patterson v. Dickinson*, 193 Fed. 328, that the wife of the defendant died in Missouri. He produced a will to be admitted to probate in Missouri, where the plaintiffs, who were the wife's brothers and sisters, started an action to have the will set aside. The defendant then went to California where some of the property was located and had the will admitted to probate, and there obtained a decree of distribution without disclosing the pending action in Missouri. The plaintiffs were successful in their suit to have the will set aside, and in the Federal case asked to have the defendant declared a constructive trustee. The court in deciding the case said:

" 'Where a probate is obtained by fraud, equity may declare the executor or other person deriving title under it a trustee for the party defrauded.' [Pomeroy's Eq. Jur., § 919.]"

In *Gaines v. Chew*, 43 U. S. 597, 11 L. Ed. 402, it appears that the testator had executed a will in 1811. The defendants were executors under that will and, with other defendants, had taken thereunder. The will was probated after the death of the testator in 1813. Just previous to his death, he executed a second will, revoking in law the first, in which he declared the plaintiff his daughter and left her the bulk of his estate. The plaintiff did not learn of her true parentage until 1832. In 1836 she instituted this action, alleging fraud by the defendants in the suppression of the second will and in effecting the probate of the first one. The court held that:

"One man possesses himself wrongfully and fraudulently of the property of another; in equity, he holds such property in trust, for the rightful owner."

The case expressly held that courts of equity have jurisdiction to remedy such a wrong where an action at law would

not give proper relief. The court further held that it was not necessary to probate the will of 1813, or to revoke the will of 1811 to give relief.

We are of the opinion that the complaint stated a cause of action.

The judgment will therefore be reversed, with instructions to overrule the demurrer and to then take such proceedings as may be proper.

BEALS, ROBINSON, MALLERY, GRADY, and HAMLEY, JJ., concur.

SCHWELLENBACH, J. (dissenting)—I cannot agree that the statement of the majority that "Counsel for respondent in his brief and by a statement made during argument in this court admitted that the final decree of distribution has been entered," is sufficient to warrant our finding such statement to be a fact. The matter came before the trial court upon a demurrer to the complaint. The complaint did not allege that the decree of distribution had been entered—it was silent on that question. A bill of particulars stated that the will was admitted to probate August 17, 1946. The complaint, as amended by the bill of particulars, contained all that was before the trial court when it ruled on the *demurrer to the complaint.* We are simply reviewing the action of the trial court in sustaining the demurrer. We cannot speculate as to what the facts might be. We are limited for the purpose of reviewing the order of the trial court to the pleadings as they actually existed. We cannot read into the complaint, nor infer from it, a fact not alleged.

If the decree of distribution has not been entered (and we cannot find from the complaint that it has), this action is premature. Under such circumstances, the remedy of a pretermitted heir is not to commence an independent action against an heir or heirs, but to file a petition in the probate proceeding, seeking a proportionate share in the distribution thereof. See *In re Barker's Estate,* 5 Wash. 390, 31 Pac. 976; *Van Brocklin v. Wood,* 38 Wash. 384, 80 Pac. 530; *In re Hoscheid's Estate,* 78 Wash. 309, 139 Pac. 61.

Appellant's complaint does not state facts sufficient to constitute a cause of action for the relief sought, to wit, to recover, in an independent action against respondent, the value of a one-half interest in the estate of Gottlop Schwank, deceased. The trial court therefore properly sustained the demurrer thereto.

HILL, J., concurs with SCHWELLENBACH, J.

DONWORTH, J. (dissenting)—Since there was no allegation in the complaint that a decree of distribution had been entered in the Gottlop Schwank probate proceeding nor any allegation that his purported will was a nonintervention will (which would obviate the necessity for the entry of a decree of distribution), I concur in the conclusion of Judge Schwellenbach's dissenting opinion.

The complaint, as filed in the superior court, failed to state a cause of action and it may not be amended in this court either by statements in the briefs or by counsel upon the oral argument.

The trial court was correct in sustaining the demurrer to the complaint and its judgment of dismissal should be affirmed.