Jessie L. FINKBINER, Appellant,

v.

Robert W. FINKBINER, Appellee.

No. 7790.

United States Court of Appeals
Tenth Circuit.

Jan. 29, 1965.

J. J. Hickey, Cheyenne, Wyo. (Hickey, Rooney & Walton, Cheyenne, Wyo., with him on the brief), for appellant.

W. A. Smith, Lander, Wyo. (Smith, Harnsberger & Johnson, Lander, Wyo., with him on the brief), for appellee.

Before PICKETT, LEWIS and SETH, Circuit Judges.

SETH, Circuit Judge.

This is an appeal from an order by the United States District Court for the District of Wyoming, granting appellee's motion to dismiss. The motion was granted on the ground that the court lacked jurisdiction, since the action concerned a property settlement agreement which had been merged into a divorce decree granted by a Wyoming state court and hence could not be collaterally attacked.

The appellant by her complaint in the trial court sought to recover damages for alleged fraudulent misrepresenations made by the appellee to her during the course of the negotiation of a property settlement agreement. The complaint alleges that the appellant had retained an attorney and had filed a petition seeking a divorce from appellee and an adjudication of property rights. It further alleges that a disclosure of property was made by the appellee to the attorney who was then representing the appellant in the divorce proceeding, and that she and her attorney relied thereon. Appellant some two months thereafter executed a property settlement agreement with ad-

vice of an attorney which was submitted to the state court. Appellant alleges that the appellee in his disclosure of property represented that he owned ten shares of stock of the First National Bank of Laramie when in fact he owned twenty-five shares of such stock.

The United States District Court below found that the property settlement agreement had become merged into and become a part of the divorce decree of the District Court of the Second Judicial District of the state of Wyoming. The court held that by reason of such merger, it did not have jurisdiction of the action asserted by the appellant. The issue presented to this court by the parties is simply whether or not the property settlement agreement was merged in the divorce decree.

The property settlement agreement was obviously made as a part of and to be used in connection with the divorce proceeding which had then been pending for some considerable time. The agreement itself recites that the divorce action is pending and that it includes an adjudication and settlement of the property rights of the parties as well as alimony, support of children, and other financial matters. The agreement recites that it will settle such rights subject to the approval of the court and further states that the court may incorporate the agreement in the decree and merge the terms of this agreement in such decree and thereby adjudicate and settle property rights. The material for the preparation of the agreement apparently, although the record is not clear, was initially submitted to the appellant's attorney although the executed agreement was submitted to the court by attachment to appellee's answer in the divorce action. The state court in its decree recited that the parties had entered into the agreement in question, and that the agreement provided for the settlement of property rights and support. The decree further stated that the agreement is "in all particulars fair and reasonable and equitable to both parties, and which Agreement should be approved by the Court and merged into and made a part of the Decree of this Court to the effect that the terms of the said Agreement shall in all respects be and become the Mandate, Order and Decree of this Court." The decree further indicates that the agreement was entered into upon the advice and counsel of the attorneys of the respective parties. The last paragraph of the state court decree approves, confirms, and adopts the property settlement agreement and states that "the terms and provisions of the said Agreement are in all respects merged into and made a part of this Decree as fully and with the same force and effect as the pronouncement decree, judgment and mandate of this Court, were the terms of the said Agreement to be set forth in full in this the instrument entitled Decree."

From the recitations made in the decree of the state court, it is apparent that the court did all it possibly could to incorporate and merge the property settlement agreement into the decree and made it a part of the judgment and mandate of the court. There is no question of the intention of the court in this respect. There was certainly nothing in the record to indicate that the parties had any other intention.

It is unquestionably the law of Wyoming that property settlement agreements are looked upon with favor by the courts. It was so indicated by the Supreme Court of Wyoming in Beard v. Beard, 368 P.2d 953, as well as in earlier cases. It is likewise apparent that the state courts of Wyoming have the power under the proper circumstances to reopen and reconsider decrees of this character or in any event to entertain actions based upon fraudulent misrepresentations to the court. The Wyoming case of Rush v. Rush, 58 Wyo. 406, 133 P.2d 366, indicates that the Wyoming courts would so hold.

The issue before us is one of merger as it relates to the jurisdiction of the federal courts. The Wyoming case which is more nearly in point on this issue is Ulrich v. Ulrich, 366 P.2d 999. The question there presented was wheth-

er attorney's fees should be allowed, and this depended on whether or not the action was to modify or to enforce the divorce decree. The court held that the action was not of such nature and refused the claim for attorney's fees. The court stated that the agreement was an independent contract for the purposes there under consideration. The divorce court had made the agreement a part of the decree, but the Supreme Court referred to the divorce decree as only having given recognition to and approved the agreement. Thus the issue here is quite different as is the divorce court's treatment of the agreement.

■■ The determination of whether or not the agreement was merged into the decree in the case at bar is to be made solely for the purpose of determining whether or not the United States District Court had jurisdiction and for no other purpose. For this determination, the recitations in the decree of the Wyoming court and the express intention of the court in this respect must be given primary consideration. When these recitations are given such consideration, it is apparent that it must be held that the agreement and the decree are one. There is nothing in the Wyoming statutory law or in the decisions which would in any way preclude the state district judge from effecting the merger as was done in this case, nor to direct us here to any other conclusion. The Wyoming statutes require that the court hearing the divorce proceeding make a disposition of the property of the parties as shall appear just and equitable, but do not refer to relationship of the agreement to the decree and would appear to leave such matter within the judge's discretion. The Wyoming court in this instance in its decree made a finding that the agreement was just and equitable and adopted the agreement as to its disposition of the property of the parties as required by statute. Since the Wyoming court so combined the granting of the divorce with the settlement of the property, if there was any fraud on the part of the appellee, such fraud was upon the court as well as upon the appellant.

Both parties to this appeal discuss and urge that two similar cases, heretofore decided by this court, constitute authority for their position. These two cases are Schoonover v. Schoonover, 172 F.2d 526 (10th Cir.), and Hood v. Hood, 335 F.2d 585 (10th Cir.), the first being a case arising under the law of Oklahoma, and the latter arising under the law of Kansas. The court in each instance discusses the law of the respective state, the apparent intention of the parties and of the court. In each instance this court found that there was no merger of the property settlement agreement into the decree and consequently held that the United States District Court had jurisdiction. In the Schoonover case, a motion for summary judgment had been granted by the trial court, and this court reversed. In Hood v. Hood, the case was tried in the district court, and this court found that under the law of Kansas and the facts in the record, there was no merger. The parties in the property settlement agreement there considered by the court had recited that the agreement could be approved by the court. The decree of the state court there concerned does not demonstrate as clear an intention to merge as it does in the case at bar. It did however direct that the parties carry out the terms of the stipulation and did recite that it be a part of the judgment.

The appellee seeks to distinguish Hood v. Hood, supra, on the ground that the party there claiming to be defrauded was not represented by an attorney at the time the property settlement agreement was negotiated and executed, and found that the husband there exercised direct influence upon Mrs. Hood to negotiate the agreement and have it executed. The appellee thus urges that Mrs. Hood was in effect deprived of her day in court by reason of the fact that she did not have counsel and opportunity to investigate whether the property settlement agreement was fair and equitable. Mrs. Finkbiner in the case at bar,

appellee urges, did have such an attorney and the disclosure of property by the appellee herein was made to such attorney some two months before the matter was heard in the divorce court. The majority of this court in Hood v. Hood, supra, had found that the fraud there was extrinsic fraud, and cited a Kansas case where the wife was induced by the husband to withdraw her pleadings in the divorce action upon representations that the property settlement agreement was fair. The fraud as alleged in the case at bar was not of the type found by the majority to exist in Hood v. Hood, and consequently, the case is not of assistance here as to the effect of the fraud. Thus the holding on the issue of merger determines the disposition of the case at bar.

We hold that the decree of divorce and the property settlement agreement were merged, consequently the trial court was correct in granting appellee's motion to dismiss on the ground that the court had no jurisdiction on the cause of action asserted in appellant's complaint.

LEWIS, Circuit Judge (concurring).

I concur. Although I dissented in Hood v. Hood, 10 Cir., 335 F.2d 585, my concurrence here is not just a persistent adherence to my views therein stated. I agree to affirmance here for an additional reason. Judge Seth has significantly distinguished the case at bar from Hood.

PICKETT, Circuit Judge (dissenting).

As I understand the decision in this case, the question of merger of the property settlement agreement into the judgment controls. I am in agreement that the contract was merged into the judgment and became a part thereof. I do not agree, however, that this merger bars a separate action by Mrs. Finkbiner based upon fraud and deceit on the part of Mr. Finkbiner which brought about the contract, and eventually the judgment. Mrs. Finkbiner has the right to affirm the contract if it was still in existence and, if not, the judgment, which deprived her of participation in property alleged to have been owned and undisclosed by Mr. Finkbiner when the property settlement was made. The action here does not seek to set aside the judgment, but is a tort action to recover damages for alleged fraud and deceit.

Hood v. Hood, 10 Cir., 335 F.2d 585 considers what appears to be the precise question here, although it was there held that under Kansas law there was no merger, still the principle of law applies regardless of the merger. In reference to this question, the court said at page 590:

"Moreover, the instant action is neither an action to set aside the property settlement agreement nor the decree of the court. On the contrary, it affirms the contract, and is a tort action for deceit seeking damages from Hood on account of the fraud practiced on Mrs. Hood by him. An action to recover damages for fraud inducing a contract is founded on tort and not on the contract and proceeds on the theory of affirmance of the contract fraudulently procured.

"It follows that the precise question here presented is whether the divorce decree is a bar to such an action. No issue was raised, presented, or decided in the divorce action as to whether Mrs. Hood was induced to enter into the contract and consent to its approval through fraud practiced upon her by Hood. Hence, the provision in the decree 'that each of the parties be barred, foreclosed and excluded from any claim or demand against the other of the others [sic] property or estate, except as provided in such stipulations' was not an adjudication of that issue. It was merely a recital in substance of a provision of the stipulation."

\* \* \* \* \* \*

"And if such fraud was extrinsic or collateral fraud, Mrs. Hood was entitled to equitable relief, preclud-

ing Hood from setting up the judgment as a defense to her action for fraud."

See, also, for example, Burch v. Hibernia Bank, 146 Cal.App.2d 422, 304 P.2d 212, cert. denied 353 U.S. 968, 77 S.Ct. 1050, 1 L.Ed.2d 914; Ellis v. Schwank, 37 Wash.2d 286, 223 P.2d 448; 7 Moore's Federal Practice, ¶ 60.36.