PRATT, J., concurred.

Judgment affirmed, with costs.

---

IN THE MATTER OF THE APPLICATION OF JAMES GILLERAN, AS ADMINISTRATOR, WITH THE WILL ANNEXED OF GERSHOM P. JESSUP, DECEASED, FOR THE REVOCATION OF ANCILLARY LETTERS TESTAMENTARY ISSUED TO ISAAC JESSUP AND S. O. PUTNAM.

*Ancillary letters of administration with the will annexed — when the surrogate must issue them, when an application is made under section 2695 of the Code of Civil Procedure, without the citation of any parties.*

On November 2, 1886, Gershom P. Jessup died in the State of California, leaving a last will and testament, which will was admitted to probate by the Superior Court of the city and county of San Francisco, in the State of California, on November 22, 1886, and at the same time letters testamentary were issued by that court to Isaac Jessup and S. O. Putnam, who were named as executors in the said will. On January 22, 1887, ancillary letters testamentary were issued by the surrogate of Richmond county, in the State of New York, to the said Isaac Jessup and S. O. Putnam, and such ancillary letters are still unrevoked.

Subsequently to the issuance of such ancillary letters testamentary by the surrogate of Richmond county, and on the 25th day of April, 1888, the original letters

testamentary, issued in November, 1886, by the Superior Court of the city and county of San Francisco, were, by a judgment and decree of that court, duly revoked, and after the revocation of the said letters testamentary, and on the 30th day of April, 1888, letters of administration, with the will annexed of the deceased, were issued by the court in California to James Gilleran, the petitioner and appellant herein, after he had qualified and filed a bond in the sum of $50,000, as required by law. Such letters of administration, with the will annexed, are still in full force and effect in the State of California, and there are no debts due, or claimed to be due, from Gershom P. Jessup, deceased, to any resident of this State.

*Held*, that, upon the foregoing facts, the petitioner was entitled, under sections 2695 and 2697 of the Code of Civil Procedure, and without the citation of any parties, to a decree from the surrogate of Richmond county granting to him ancillary letters of administration, with the will annexed, of Gershom P. Jessup, deceased, and revoking the prior ancillary letters testamentary issued to the executors of the deceased, who had been removed and whose original letters had been revoked by the California court.

That the surrogate erred in denying his application and in holding that the issuance of a subpœna to the former executors was necessary, and in holding that, although their original letters in California had already been revoked and taken away, and although, in the proceedings for such revocation in the California court, they had appeared and answered and were heard upon the application, which resulted in their removal, they had a right to be heard in respect to the revocation of the ancillary letters issued to them. (PRATT, J., dissenting.)

APPEAL from an order made and entered in the office of the surrogate of Richmond county on the 22d day of August, 1888, denying a motion made on behalf of the petitioner and appellant, James Gilleran, as administrator with the will annexed, of Gershom P. Jessup, late of San Francisco, Cal., deceased, for the issuing to said petitioner forthwith, and without the citation of any parties, of ancillary letters of administration, with the will annexed of said deceased, and for the revocation of certain ancillary letters testamentary, issued by the said surrogate of Richmond county, on the 22d day of January, 1887, to Isaac Jessup and S. O. Putnam, named as executors in the will of said deceased.

*George M. Pinney, Jr.*, for the petitioner, appellant.

*John S. Davenport*, for Caroline O. Bogert and Mrs. Linsley, respondents.

DYKMAN, J. :

This is an appeal from an order of the surrogate of Richmond county, denying a motion of the appellant upon his petition, as the

administrator with the will annexed of Gershom P. Jessup, late of San Francisco, deceased, for the issuance to the petitioner Gilleran forthwith, without the citation of any parties, of ancillary letters of administration, with the will annexed, of Gershom P. Jessup, deceased, and for the revocation of ancillary letters testamentary, issued by the surrogate of Richmond county on the 22d day of January, 1887, to Isaac Jessup and S. O. Putnam, named as executors in the will of the deceased.

On the 2d day of November, 1886, Gershom P. Jessup died in the State of California, leaving a last will and testament, disposing of all his real and personal property; which will was admitted to probate by the Superior Court of the city and county of San Francisco, in the State of California, on the 22d day of November, 1886. At the same time letters testamentary were issued by the court to Isaac Jessup and S. O. Putnam, who were named as executors in the will of said deceased. The decedent left real estate and personal property situated in Richmond county, in the State of New York, and on the 22d day of January, 1887, ancillary letters testamentary were issued by the surrogate of Richmond county to Isaac Jessup and S. O. Putnam, the executors so named in the will of the decedent, and such ancillary letters, so issued to Jessup and Putnam, are still unrevoked. Subsequently to the issuance of such ancillary letters testamentary, by the surrogate of Richmond county, to Jessup and Putnam as executors, and on the 25th day of April, 1888, the original letters testamentary issued to them in November, 1886, by the Superior Court of the city and county of San Francisco, were, by a judgment and decree of that court, duly vacated and revoked.

After the revocation and nullification of the letters testamentary issued to Jessup and Putnam, as executors, by the California court, and on the 30th day of April, 1888, letters of administration, with the will annexed, of Gershom P. Jessup, deceased, were issued by the court in California to James Gilleran, the petitioner and appellant herein, after he had qualified and filed a bond in the sum of $50,000, as required by law.

Such letters of administration, with the will annexed, are still in full force and effect in the State of California. There are no debts

due or claimed to be due from Gershom P. Jessup, deceased, to any resident of this State; and upon the foregoing facts, which are substantially undisputed, which are recited in the order appealed from, the appellant claimed before the surrogate of Richmond county that he was entitled forthwith, and without the citation of any parties, under sections 2695 and 2697 of the Code of Civil Procedure, to a decree from the surrogate of Richmond county, granting to him ancillary letters of administration, with the will annexed, of Gershom P. Jessup, deceased, and revoking the prior ancillary letters testamentary, issued to the executors of the deceased, who had been removed, and whose original letters had been revoked by the California court in the manner described, and a motion was made by the appellant before the surrogate of Richmond county, based on the petition and transcript of record annexed thereto for such decree. The surrogate denied the application, and held that the issuance of a subpœna to the former executors was necessary, and that they had a right to be heard in respect to the revocation of their ancillary letters issued to them, although their original letters in California had already been revoked and taken away, and although in the proceeding for such revocation in the California court they had appeared and answered and were heard upon the application, which resulted in their removal. It is the contention of the appellants that this determination of the surrogate of Richmond county was erroneous and contrary to the provisions of the statute already quoted respecting ancillary letters of administration, and that the motion and application should have been granted.

Section 2695 of the Code of Civil Procedure, upon which the appellant rests his claim, is as follows: "Where a will of personal property, made by a person who resided without the State at the time of the execution thereof, or at the time of his death, has been admitted to probate by a competent court within the foreign country, or the State, or the territory of the United States, where it was executed, or where the testator resided at the time of his death, the Surrogate's Court, having jurisdiction of the estate, must, upon an application made as prescribed in this article, accompanied with an exemplified copy of the will and of the judgment, decree or order so admitting the same to probate, and also of the foreign letters, if any have been issued, record the will and the foreign letters, and

issue thereupon ancillary letters testamentary or ancillary letters of administration, with the will annexed, as the case requires."

In a literal sense, all that is here prescribed has been complied with by the appellant. His application is by a duly verified petition which shows that there were no creditors of the deceased in this State, and, therefore, no parties necessary to be cited as provided in section 2698, and was accompanied by a duly authenticated copy of the will and of the foreign letters issued to the appellant by the Probate Court of California; and as the section quoted expressly provides in terms that the surrogate upon such presentation must record the will and the foreign letters, and issue thereupon ancillary letters testamentary, or ancillary letters of administration, with the will annexed, as the case required, there is no provision for the issuance of a citation to the original executors to whom the ancillary letters had been issued; but the surrogate decided that such executors were entitled to notice, and directed the issuance of a citation to them to show cause why the ancillary letters should not be issued to the petitioner, and why the ancillary letters formerly issued to them should not be revoked.

The original executors had notice of the proceedings for their removal in the Superior Court in San Francisco, and they appeared and were heard in that proceeding; and after such hearing a decree was made for their removal, and thus the chain that linked them to the estate was melted and severed by that revocatory decree. They ceased to be executors, and the petitioner is substituted in their place; and upon the presentation of his petition with the accompanying papers to the surrogate of Richmond county, that officer was called upon to act as though no ancillary letters had theretofore been granted by him. When the letters testamentary of Jessup and Putnam were called back by the California court, their powers were abrogated and they no longer had any rights to defend or interests to protect in the estate of their testator. Deprived of the support of the original letters the ancillary letters fell without an order for their annihilation, and the only effect of the action of the surrogate of Richmond county for the revocation of such letters will be to disencumber the records of his office. They are already canceled and destroyed by operation of law, and exist only in name upon the records of the surrogate. Under such

circumstances a notice of the formal act of cancellation would be an idle ceremony.

The order appealed from should, therefore, be reversed, and the matter should be remitted to the surrogate of Richmond county with directions to grant the prayer of the petition. The costs should be paid from the estate.

BARNARD, P. J.:

As a rule notice should be given when a court is to be asked to make an order which injuriously affects the party against whom the relief is sought. This application is peculiar. The ancillary letters were granted on the faith of a California decree appointing executors upon a probate of a will in that State.

Now the same court have removed the executors for cause and no one questions the decree. Notice, if necessary, in ordinary cases, and even on this application, if any question was to be made of the facts, can do no good. The surrogate must respect the decree and there can be no issue raised.

The order should be reversed, with costs and disbursements, and the petition granted.

PRATT, J. (dissenting):

We think the surrogate was right in allowing Putnam and Jessup an opportunity to be heard upon the application to revoke the letters heretofore issued to them.

Many reasons may be suggested why such an opportunity should properly be granted. We see no objections to that course. If it be that the surrogate had power to grant new letters *ex parte*, we think his course in declining so to do is to be commended. The disposition to exhaust the estate, shown by the petition printed at page 98 of the appeal book, where leave is asked to charge the estate with the expenses of the journey of two persons from San Francisco to New York, to make a demand that could as well be made by a resident attorney, was illy fitted to inspire confidence, and affords abundant reason why all persons interested in the estate should have full notice and a patient hearing before the application should be granted.

The order should be affirmed, with costs.

Order reversed, with costs and disbursements.